INHABITANTS OF CORINNA *vs.* INHABITANTS OF HARTLAND.

Penobscot.    Opinion November 18, 1879.

*Pauper. Evidence. Pauper supplies.*

A town book kept by the overseers of the poor for the purpose of preserving facts relating to the paupers of the town, contained the following memorandum or record in the handwriting of one of the overseers: "March 16, 1846. Received notice from J. C. P., jailer at N., that I. J. W. was in jail for taxes and claimed relief as a pauper." "April 2, 1846, J. C. P. gave notice that the town of H. had promised to settle the bills of I. J. W." In an action involving the settlement of I. J. W.—*Held*, that the memorandum sworn to by the witness who made it at the date, is admissible as to all facts it contains which were within the personal knowledge of the witness, although such facts may have escaped from his recollection when he testified.

Also, *held*, that as to the other facts, they are hearsay, and the memorandum is not admissible.

The fact that a jailer notifies a town that a person is in jail for taxes, and claimed relief as a pauper is not sufficient to interrupt the prisoner's residence under the pauper act, unless the town actually furnished supplies by payment or upon its credit.

ON REPORT.

ASSUMPSIT for pauper supplies furnished to one I. J. Withie. The facts sufficiently appear in the opinion.

*Josiah Crosby*, for the plaintiffs.

*Wilson & Woodard*, for the defendants, upon the point of supplies furnished the pauper while in jail, cited R. S., 1840, c. 32, § 48. *E. Sudbury* v. *Sudbury*, 12 Pick. 1. *Norridgewock* v. *Solon*, 49 Maine, 385.

DANFORTH, J.    The only question involved in this case is whether Imlah J. Withie had, at the time the supplies sued for

were furnished, a legal settlement in the town of Hartland, and this depends upon whether he gained such a settlement by a residence in that town from 1842 to 1849. That he so resided there the case clearly shows; but it is contended on the part of the defense that it cannot have the effect claimed, because he was furnished with supplies as a pauper in March, 1846. If such were the fact it is apparent that no settlement was gained; otherwise it was.

Upon this question the burden of proof is upon the defendant. To sustain it evidence is introduced showing that in March, 1846, Withie was committed to the jail in Norridgewock for nonpayment of taxes on a warrant issued by the assessors of Hartland. There is also offered in evidence what is claimed as the record of the overseers of Norridgewock of the following purport: "March 16, 1846. Received notice from John C. Page, jailer at Norridgewock, that Imlah J. Withie was in jail for taxes, and claimed relief as a pauper." "April 2, 1846, John C. Page gave notice that the town of Hartland had promised to settle the bills of Imlah J. Withie."

A question is raised as to the admissibility of this document. For present purposes it is immaterial whether we call it a record or a memorandum. It is produced and sworn to by a witness in whose handwriting it is, and who so far as appears wrote it at the time of the transaction. As such an instrument it is admissible so far as it contains facts within the personal knowledge of the witness, though such facts may, at the time he testified, have escaped from his recollection. *Anderson* v. *Edwards*, 123 Mass. 273. With this qualification the record proves that notice was given to the overseers of Norridgewock that Withie was in jail and claimed relief as a pauper. It does not show that he actually did claim such relief, nor that he actually was in need of such relief. These facts so far as they appear at all, came from Mr. Page and are therefore mere hearsay testimony, and under the objection must be rejected. It does not appear that any action on the part of the overseers of Norridgewock followed this notice, except that notice by one of them was given to the overseers of Hartland. There is no evidence whatever that any investigation

into the condition of Withie was made by the overseers of Norridgewock as was clearly their duty before furnishing aid. Nor is there any other proof in the case which shows the necessity for immediate relief. Hence all foundation for furnishing pauper supplies fails.

But farther, so far as the case shows no supplies were in fact furnished. Undoubtedly Page furnished the alleged pauper his board while in jail and possibly he might have done so relying upon the liability of Norridgewock under the notice given. But the overseers paid nothing, nor did they by any act of a majority as in *Fayette* v. *Livermore*, 62 Maine, 233, make themselves liable to pay anything. Nor does it appear that they were legally liable. If the act of Page was a sufficient "notice and request" under the statute which may perhaps be doubted, still that would not be sufficient to enable him to sustain an action for his board.

Before that could be done, there must be proof of distress and need, of which as we have seen the case is entirely barren. We do not however mean to admit that such liability would be sufficient to break the continuity of the residence. The supplies must be actually furnished though it may not be material whether actually paid for by the town, or furnished upon its authorized credit, otherwise they would not be supplies within the pauper act. *Hampden* v. *Bangor*, 68 Maine, 368.

The case is equally wanting in evidence to show that any supplies were furnished by Hartland. The record produced shows a promise only to pay, but for reasons already given it was not competent proof even of that. It was a fact obtained from Page and is no more than hearsay. But were it otherwise Hartland under the statute stood in the place of creditor to Withie and whatever might be the debtor's condition the town might be made liable to pay his board and it might prefer in the character of creditor to pay the bills accrued and discharge him rather than risk a greater liability. In *Norridgewock* v. *Solon*, 49 Maine, 385, and *E. Sudbury* v. *Sudbury*, 12 Pick. 1, cited in defense, supplies were actually furnished, and are therefore not applicable to this case.

The result is that the continuity of the pauper's residence in

Hartland was not broken and he gained thereby a settlement in that town.

*Defendants defaulted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.