## TOWN OF BURKE *v.* TOWN OF WESTMORE.

### *Pauper.   Presumption.*

1. Nothing is presumed when the question is, which of two towns shall support a pauper; thus, the report showing that the pauper's father was "*chosen,*" but did not show that he "*served,*" in certain offices named in the statute, R. L. s. 2811, sub. 5, it will not be presumed that he served in office.
2. R. L. s. 2811, sub. 5, pauper, holding office, construed.

APPEAL from an order of removal of Mrs. Lydia Cook, a pauper.  Pleas, that the pauper had no lawful settlement in the defendant town; and that she was unduly removed.   Heard on the report of a referee, June Term, 1882, Caledonia County, Ross, J., presiding.   Judgment for defendant.   The facts are stated in the opinion.

*Cahoon & Hoffman,* for plaintiff.

*Edwards, Dickerman & Young,* for the defendant.

The opinion of the court was delivered by

ROWELL, J.   The report does not show that John J. Bishop, the pauper's father, had a settlement in the town of Westmore. It appears that he was chosen highway surveyor in 1844; lister in 1845, 1849, 1853 and 1854; and first constable from 1850 to 1854, inclusive; but there is no finding that he *served* in any of those capacities in any of said years except in the capacity of first constable, in 1853.   The statute is, that "a person chosen *and serving* two years," etc., shall gain a settlement.   R. L. s. 2811, sub. s. V.   In the St. of 1817 the wording was, "any person who shall  .  .  .  .  be  .  .  .  .  appointed to *and sworn,*" etc. Slade's Sts. 381, No. 3.   In 1839 this phraseology was changed to "chosen *and actually serving.*"·  R. S. c. 15, s. 1, sub. s. 5. Thus, before the Revision of 1839, appointment and taking the

official oath, it seems, were sufficient; but since then actual service in office is requisite. And such service must be shown, and cannot be presumed from the fact of election. There are no equities among towns in the support of paupers, but the liability is imposed by statute, and is matter of strict right; and the party averring a settlement must show everything necessary to the acquisition thereof. It is unnecessary to consider the other questions discussed at the bar. Judgment affirmed.