TOWN OF CHTTENDEN v. TOWN OF STOCKBRIDGE.

*Pauper.    Towns must support residents.*

A town, in which a pauper is actually residing when he comes to want,
cannot recover the expense of his support from the town in which
he last resided for the term of three full years, maintaining himself
and family : following *New Haven* v. *Middlebury, infra.*

This was an action to recover for the support of a pauper.
Heard upon an agreed statement of facts at the March term, 1890,
Munson, J., presiding.

Judgment for the plaintiff.

The defendant excepts.

*J. J. Wilson,* for the defendant.

The intention of the framer of the Poland pauper law was
to compel all towns ·to support those paupers actually resident
within their limits.    The word " transient," under the old law,
had acquired a definite, well-defined meaning.    The present law
only provides a remedy in case of transient paupers.    This leaves
towns without a right of action in case of residents.    That such
is the scope of the law has already been recognized by the court.
    *Worcester* v. *East Montpelier,* 61 Vt. 139.

It will be presumed that the legislature used the word tran-
sient in its established sense.
    *Middlebury* v. *Waltham,* 61 Vt. 200 ; *Berlin* v. *Worcester,*
50 Vt. 23.

*C. S. Colburn* and *J. C. Baker,* for the plaintiff.

Under the Poland pauper law, a pauper has his residence in

that town where he last resided for the term of three full years, maintaining himself and family.

No. 43, s. 13, acts 1886.

As to every other town he is a transient, and in favor of every other town the remedies applicable to transients attach.

*Worcester* v. *East Montpelier*, 61 Vt. 139 ; *Chittenden* v. *Barnard*, 61 Vt. 145.

The opinion of the court was delivered by

START, J. This action is brought by the town of Chittenden to recover on account of expense incurred in maintaining a pauper. The pauper resided in Chittenden at the time he came to want, but had not resided there three years, maintaining himself and family. He last resided for three years, maintaining himself and family, in Stockbridge. The question presented has recently been decided in the case of *New Haven* v. *Middlebury*, heard at the last February term of the Supreme Court in the County of Addison, and this case is governed by the decision in that case.

In that case it was held, that, when a person comes to want while in the town where he resides, the town where he so resides and comes to want must provide for him, notwithstanding he has not resided there for three years; and in such case the town providing for the pauper has no remedy against the town where he last resided for three years, maintaining himself and family. One town has no right of action against another for maintaining a pauper, unless the pauper is strictly a transient person away from home, his abiding place, and the town where he resides.

*Judgment reversed, and judgment for the defendant to recover its costs.*