CITY OF RUTLAND v. TOWN OF CHITTENDEN.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and
HASELTON, JJ.

Opinion filed June 3, 1902.

*Support of paupers—Action for—Defense—Amendment of law—Retroactive operation.*

No. 55, Acts of 1892, creates a liability on the part of the town of a pauper's residence where none before existed, and does not operate retrospectively.

In an action to recover expenses incurred in the assistance of a pauper, the fact that the pauper's disability was caused by the negligence of an incorporated village situate within the territory of the plaintiff town, constitutes no defense.

ASSUMPSIT for expenses incurred in the support of paupers. Plea, the general issue. Heard upon the report of a referee and the defendant's motion to recommit the same, at the March Term, 1900, Rutland County, *Rowell,* J., presiding. Motion overruled and judgment, *pro forma,* for the plaintiff. The defendant excepted.

*Joel C. Baker* for the defendant.

The paupers, for whose support this suit is brought, were not transient in Rutland, but were *residing* there. Prior to the passage of No. 55, Acts of 1892, no right of action accrued under these circumstances. *Chittenden* v. *Stockbridge,* 63 Vt. 308; *New Haven* v. *Middlebury,* 63 Vt. 399.

The burden of the support of these paupers having become fixed upon Rutland, the passage of this act did not change it. The money expended before the act took effect was in the performance of a legal duty, and the act did not create a liability as to that expenditure.

The disability of these paupers arose from the negligence of the village of Rutland in allowing a public sewer to remain out of repair. This negligence constituted a legal liability. *Winn* v. *Rutland,* 52 Vt. 481; *Willet* v. *St. Albans,* 69 Vt. 330; 1 Shear. & Red. on Neg. § 281.

This plaintiff's right to sue arises from its charter. The same statute which gives the city the right to sue, requires the city to assume, fulfill and pay all the debts, contracts and liabilities of the village of Rutland and the town of Rutland. No. 110, Acts of 1892, §§ 41-42. So the liability of the village of Rutland becomes that of the city. The evidence offered should have been received.

*Butler & Moloney* for the plaintiff.

The negligence of the village of Rutland affords this de fendant no grounds of defense. The plaintiff city is not responsible for the acts of the village. The subject is wholly *res inter alios.*

When the city was organized it found these families in need of assistance. It was the defendant's duty to provide for them. The city aided them and therein it was doing what belonged to the defendant to do. V. S. 3168, 3171, 3172. The act of 1892 provides the city with a remedy to recover this money, so expended for the benefit of the defendant, which was clearly intended to cover any and all amounts which have accrued.

WATSON, J. The city of Rutland seeks to recover for money expended in support of paupers before its organization, by the town of Rutland, and by itself thereafter. The right to recover for money thus expended by the town, is given to the city by section 42 of its charter, No. 110, Laws of 1892; and in the prosecution of a suit therefor the latter stands in the place of the former.

The facts found by the referee show that the paupers moved into the town and village of Rutland in September, 1892, and thereafter resided in a house on Green street, until the town commenced to assist them on November 12, 1892. As the law then stood, no action could be maintained by a town in which a pauper actually resided and came to want, against the town in which the pauper last resided for the term of three full years, supporting himself and family, to recover the expense of assistance furnished such pauper.  *Chittenden* v. *Stockbridge,* 63 Vt. 308, 21 Atl. 1102; *New Haven* v. *Middlebury, Id.* 399, 21 Atl. 608.  By No. 55, Laws of 1892, the law in this regard was so amended as to make the town in which the pauper last resided for the term of three full years, supporting himself and family, liable for expenses incurred in assisting such pauper, without regard to whether he resided in the town furnishing the assistance, or was a transient therein, at the time the assistance was furnished.  *Springfield* v. *Chester,* 68 Vt. 294, 35 Atl. 322.  The Act of 1892 creates a liability where none before existed.

It will not be held that such an act was intended to operate retrospectively, unless its language be so clear as to admit of no other interpretation.  There is nothing in the language of the act indicating such an intention, nor do just results require that it be held so to operate.  The plaintiff, therefore, cannot recover for the expense of assistance furnished before that act took effect, November 22, 1892.

On the trial before the referee, the defendant offered evidence to show that the village of Rutland negligently allowed a public sewer to be out of repair, and the sewage therefrom to flow into and remain in the cellar and about the house where the paupers resided, and that this negligence caused the sickness of the family, and occasioned the expense which the

plaintiff here seeks to recover.     To the exclusion of this evidence, the defendant excepted.

It is urged that the facts offered to be proved constitute a defense to this action, and that to exclude the evidence was error.     But such facts, if proved, would not affect the plaintiff's right of recovery, and the evidence was properly excluded. The village of Rutland was a corporation distinct from the town of Rutland, although within its territory.     Under the pauper law it was the town, and not the village, that was required to relieve and support poor and indigent persons residing or found therein, when in need thereof.     R. L. 2814. However it might be if the offer had been to show such negligence by the town, the village was a third person for whose negligence in this regard the town was not responsible. Herein the case would stand no differently had the sickness of the family been caused by the negligence of the owner of the house in which they resided in failing to keep the plumbing in proper repair.     No one would contend that such negligence of the landlord would constitute a defense.

No other questions are presented by the defendant's brief.

As the record does not show the amount due the plaintiff for expenses of assistance furnished beginning with November 22, 1892, it becomes necessary to recommit the report for new assessment of damages; and *the judgment is reversed, pro forma, and cause remanded for that purpose.*