JOSEPH T. STEARNS *v.* HORACE F. GRAHAM.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed November 26, 1909.

*Statutes—Revision—Construction—Justices of the Peace—Payment of Fees—Filing Returns and Bill of Costs—Mandamus.*

Changes made in a revision of the statutes will not be regarded as altering a statute that shows the proper interpretation to be given it, unless it is clear that an alteration in the law was intended.

Under P. S. 453, a justice of the peace who neglects to file with the county clerk, on or before the first day of the term of county court, the returns required by law, and all bills of costs for allowance at such term, but does so within such term, is entitled to the allowance of his fees as justice of the peace properly taxed in a bill of costs so filed.

PETITION for writ of mandamus, brought to the Supreme Court for Chittenden County at its November Term, 1909, and then heard on the pleadings.

*Joseph T. Stearns* and *Darling & Mower* for the petitioner.

*Horace F. Graham pro se.*

WATSON, J. By section 449 of the Public Statutes, fines and costs imposed by a justice and due to the State shall be paid to such justice, and shall be paid by him to the county clerk within thirty days after they are collected, and the justice shall take duplicate receipts for all sums paid by him to such clerk, and shall forward one of these receipts to the Auditor of Accounts within ten days after such payment. By section 450, justices shall keep accounts of all receipts and disbursements in prosecutions where the fines and costs belong to the State, and in examinations and inquests before them, and make returns of the same, under oath, to the county clerk on the first day of the regular term of the county court in such county; and if no such proceedings have been had before them they shall so certify, in the same manner, within the same time. By section 452, "there shall be paid to justices for keeping accounts and making returns the following sums, to be allowed by the Auditor of Accounts: to justices having for allowance at a single term of court bills of costs not exceeding ten, one dollar; more than ten and not exceeding fifty, two dollars and fifty cents; more than fifty, five dollars." By section 453, "no fee shall be paid to a justice who has not filed with the county clerk on or before the first day of the term of county court, all returns required by law and all his bills of costs for allowance at such term." By section 454, "the county clerk shall receive such returns and bills of costs, keep them on file in his office in separate packages and call the attention of justices making returns, to any deficiency or informality therein, and indorse upon each package the date of its receipt." By section 455, "No bill of costs shall be allowed to a justice, until he has filed his bills and returns with the county clerk as hereinbefore provided and procured the clerk's indorsement thereon." And

by section 456, a penalty is provided for a justice who fails to make returns or certificates, "as hereinbefore provided."

The record shows that the relator, a justice of the peace, failed to file the returns required by law and the bill of costs mentioned in the complaint, with the county clerk on or before the first day of the term of county court, but did file them later and within the term, by reason whereof the relator concedes that he is not entitled to the fee provided for in section 452, for keeping accounts and making returns; but in addition to disallowing such fee, the Auditor of Accounts has ever refused and still does refuse to allow the relator his fees as justice of the peace taxed in the bill of costs mentioned, basing his refusal strictly as a matter of law, upon the provisions of section 453. Therefore the question is, whether by the law of that section a justice who neglects to file with the county clerk on or before the first day of the term of county court, the returns required by law and all bills of costs for allowance at such term, but does thereafter file them within the term, is by such neglect disentitled to any allowance of fees as justice of the peace properly taxed in a bill of costs so filed. The language of this section is so doubtful in meaning as to justify us in its interpretation in looking at the statutes which have been revised.

The first enactment allowing pay to justices for keeping accounts and making returns to the county clerks, was No. 60, Acts of 1888, the first section of which is the same in substance as P. S. 452, before quoted. Section two reads: "No fee shall be paid under the provisions of this act to any justice or municipal judge who shall not have filed with the county clerk, on or before the last day of the term of county court all returns required by said sections (named in first section of the Act) and all his bills of costs for allowance at such term." No provision is made by that act for the payment of any fee to justices, other than those in section one for keeping accounts and making returns, consequently there would seem to be no doubt that such fee is the only one to which a justice can be disentitled by the law of section two. In the revision of 1894 the law of section one of the Act of 1888 became section 339 of the Vermont Statutes; and section two became section 340 of the Vermont Statutes, but therein the phrase "under the provisions of this act," contained in the original enactment, was omitted.

8

Yet there, as originally, this section immediately follows the one providing for the payment of specified sums to municipal judges and justices for keeping accounts and making returns; and notwithstanding the omission of the explicit phrase mentioned, there is nothing indicating an intention to render the provisions of the law more inclusive. The meaning is not changed: the fee withheld by force of section 340 is that for which provision is made in the preceding section. As before observed the language in the original act in this respect is plain showing the proper interpretation to be as here given, and since it is not clear that any alteration in the law was intended by that revision, none will be regarded. *Clark* v. *Powell,* 62 Vt. 442, 20 Atl. 597; *Whitcomb* v. *Davenport,* 63 Vt. 656, 22 Atl. 723; *Brighton* v. *Kelsey,* 77 Vt. 258, 59 Atl. 833. No change was made in the statute in this regard by the revision of 1906 (P. S. 453); and therein altering the time of making the returns to on or before the first day of the term of county court does not affect the nature of the fees to which the law of that section is applicable.

This interpretation is more manifest from the fact that no limitation as to time is named in the section of the statute requiring the county clerk to receive such returns and bills of costs and, placing thereon his indorsement of the date of receipt, keep them on file in his office (P. S. 454), and that until they are so filed and indorsed no bill of costs shall be allowed to a justice (P. S. 455)—from which it is fairly inferable that after such filing and indorsement an allowance may be had.

*Judgment that the prayer of the complaint is granted, and that a mandamus issue directing the Auditor of Accounts to give to the relator, as justice of the peace, when receipted for by him, an order on the State Treasurer for his fees as taxed in the bill of costs named in the complaint, agreeably to the provisions of law, without costs.*