CITY OF RUTLAND *v.* TOWN OF WALLINGFORD.

May Term, 1937.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed October 5, 1937.

*Vernon J. Loveland* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

BUTTLES, J. The plaintiff city here seeks to recover from the defendant town in an action of contract brought under P. L. secs. 3923 and 3924 for the expense of relief given to one John Lancour and family between August 20, 1935, and March 1, 1936. It was shown that from 1906 or prior thereto until 1926 or 1927 said Lancour and family lived in Wallingford. About March, 1927, they moved to Clarendon, thence to West Rutland and thence to the city of Rutland, where they arrived either in 1927 or 1928 and have ever since resided. During each of the years 1929, 1930, 1931, 1932, 1933, 1934, 1935 and 1936 some help was given to Lancour and his family by the city of Rutland. Under date of September 20, 1935, the required statutory notice was sent by the overseer of the poor of the city of Rutland to the overseer of the poor of the town of Wallingford for the purpose of charging that town with the expense incurred by the city in furnishing relief to the Lancour family after a date thirty days prior to the giving of such notice. Plaintiff's undisputed evidence indicated that the amount so expended by it between August 20, 1935, and March 1, 1936, was $183.38.

Trial was by jury in Rutland municipal court and verdict and judgment were for the defendant. The plaintiff comes to this court relying, in part, upon its exception to the action of the trial court in overruling its motion for a directed verdict. Plaintiff contends that it having been shown by undisputed evidence that Lancour resided in Wallingford for more than the three years required to gain a pauper residence (the years from

1906 to 1910, inclusive, being particularly relied upon), without unusual circumstances showing want or destitution, a presumption then arose that he was self-supporting and that the burden of evidence was then upon the defendant to show that at some time during the period Lancour or his family were helped by the town. In support of this contention plaintiff cites two cases construing a Maine statute which is quite similar to our own, viz., *Corinna* v. *Hartland,* 70 Me. 355, and *Belmont* v. *Morrill,* 73 Me. 231.

There can be no question but that the burden of proof, as distinguished from the burden of evidence with respect to this particular matter, is upon the plaintiff throughout the trial. This the plaintiff admits. In *Town of Burke* v. *Town of Westmore,* 55 Vt. 213, this court said: "There are no equities among towns in the support of paupers, but the liability is imposed by statute, and is matter of strict right; and the party averring a settlement must show everything necessary to the acquisition thereof." In the recent pauper case of *Town of Georgia* v. *Town of Waterville,* 107 Vt. 347, 178 Atl. 893, 895, 99 A. L. R. 453, it was said: "The plaintiff's claim required proof of all its essential facts. These included a three-year self-supporting residence in the defendant town."

We think, however, that the evidence is such in this case that it is here unnecessary for the plaintiff to rely on the claimed presumption and shifting of the burden of evidence. Neither is it necessary for the plaintiff to rely on any inference that might arise from the defendant's failure to produce the town reports for the production of which an order had been served on the defendant's town clerk. The plaintiff's evidence is to the effect that Lancour resided with his family in the defendant town from the year 1906 to 1926, and also tends to show that from 1906 to 1910 he supported himself and his family. Lancour testified that for five years commencing in 1906 he worked for Charlie Childs, and that he lived at Mr. Childs' place for seven or eight years; that Lancour cannot remember that the town helped him during the years from 1906 to 1910, inclusive. It was shown by the town clerk that Lancour was assessed and paid a poll tax in the town of Wallingford for each year from 1906 to 1910, inclusive; that the town clerk of Wallingford had previously written counsel that she could find no

record of any assistance being given to John Lancour by the town of Wallingford in the years from 1906 to 1910 inclusive, and while on the stand at the trial she did not deny that such was the fact. It appeared from the testimony of Doctor Cootey that he rendered medical service to the Lancour family in December, 1907, in July, 1908, and again in November, 1911, the first service for which charge was made against and paid by the town being in 1911. To be sure, it appears that some charges made by Doctor Cootey against Lancour for services rendered prior to 1910 have never been fully paid, but this has no tendency to prove that he was then receiving help from the town. Plaintiff's undisputed evidence that Lancour left Wallingford in the March before the 1927 flood, that he arrived in Rutland via Clarendon and West Rutland in 1927 or 1928, together with the fact shown by the city's records that he had received some help from the city in each year from 1929 to 1936, inclusive, would preclude his having gained a pauper residence elsewhere after leaving Wallingford.

To meet the plaintiff's case the defendant offered no evidence but relies solely on certain inferences which it says should be drawn from facts brought out by the plaintiff's evidence. Defendant's argument that Lancour must have had help from the town *before* 1910 because he had such help *after* that date, over a long period of years, is obviously fallacious. Such an inference as the defendant seeks to draw is not warranted by the fact that Lancour couldn't remember paying for all the groceries that he had during the years in question; that he then had a large family of children; that he had a heart ailment when he testified in the present suit; that he did not own his "place" in Wallingford; that he worked only part of the time while living in Wallingford and never earned big pay, or that he was helped by the city for six or seven successive years after he moved to Rutland.

The lapse of a quarter century of time and the absence of any Wallingford records of course added to the difficulty of showing the true situation in regard to the support of the Lancour family during the years in question, but we think that the plaintiff's evidence was clearly sufficient to establish a *prima facie* case, and if there is any evidence in the case which tends in any degree to support the defendant's claim its probative

value is so very slight that fair-minded men could not reasonably find otherwise than for the plaintiff.

■ Taken as a whole the evidence was such that it would have been (and was) the duty of the trial court, in the exercise of a wise judicial discretion, to set aside the verdict upon motion being made, since the plaintiff's evidence so preponderated over anything that may have tended to support the defendant's contention that it would have been and was an abuse of discretion to refuse to do so. Therefore the plaintiff's motion for a directed verdict should have been granted and judgment rendered for the amount shown to have been expended by the plaintiff for relief of the Lancour family between the dates covered by the declaration, together with accrued interest thereon from March 1, 1936. *Goodwin, Admr.* v. *Gaston et al.*, 103 Vt. 357, 367, 154 Atl. 772; *Wellman, Admr.* v. *Wales*, 98 Vt. 437, 447, 129 Atl. 317; *Spaulding et al.* v. *Mutual Life Insurance Company of N. Y.*, 94 Vt. 42, 57, 109 Atl. 22.

It is unnecessary to consider the other exceptions briefed by the plaintiff.

*Judgment reversed and judgment rendered for the plaintiff to recover $183.38 plus interest thereon from March 1, 1936.*