TOWN OF RANDOLPH *v.* CITY OF BARRE.

(80 A2d 537)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*John Molla* for the defendant.

*Stanley L. Chamberlin* and *Wilson & Keyser* for the plaintiff.

BLACKMER, J.   In this action of contract the plaintiff town seeks to recover from the defendant city for the support of a pauper residing in the plaintiff town but whose settlement is alleged to be in the defendant city.   Specifications were filed which included items of expense paid for the pauper and also payments made by the plaintiff town to the State of Vermont under V. S. 47, § 9865 as assistance for the pauper's children as needy children.   The case was heard by the county court sitting without a jury; findings of fact were filed; judgment for the plaintiff was entered thereon; and the defendant brings its bill of exceptions to this Court.   The necessary facts will be stated as required in the course of this opinion.

During the trial the plaintiff offered its exhibit No. 6 as the notice to the defendant required by V. S. 47, § 7109.   It was received over defendant's objection and exception.   In its findings the court found this exhibit No. 6 as a fact, verbatim.   To this finding the defendant did not except.   On the briefs filed, the question presented is : Is it necessary to except to a finding of fact made by the county court sitting without a jury in order to preserve an exception to the admission of evidence on which the finding is based?

County Court Rule 31 (6) provides that exceptions to the findings of the county court shall be filed within fifteen days, or exceptions shall be treated as waived.   An appellant is bound by a finding of fact by the trial court to which no exception is taken.   *Oregon Iron & Steel Co.* v. *Kelso State Bank,* 129 Wash 109, 224 P 569, 38 ALR 178.

The rule in chancery is that when a party excepts to rulings on the admission of evidence, but no exceptions are taken to the findings of fact because of such rulings, the evidentiary questions are not before this Court.   And this is so whether the cause is heard by the chancellor or by a special master.   *Holton Est.* v. *Ellis,* 114 Vt 471, 490, 49 A2d 210 ; *Cutler Co.* v. *Barber,* 93 Vt 468, 471, 108 A 400 ; *Raithel* v. *Hall,* 99 Vt 65, 70, 130 A 749 ; V. S. 47, § 1312.   In the law courts, if a litigant wishes to avail himself of an error of a referee, commissioner, or auditor in admitting evidence he must file exceptions to the report based on the error, unless such officer submits the question in his report.   *McKane* v. *Gordon & Hoar,* 85 Vt 253, 256, 81 A 637, and cases cited; V. S. 47, § 1937.

■ There is merit in uniformity of practice. The process of submitting and ruling on the admissibility of evidence is the same before masters, chancellors, referees, auditors, commissioners and law courts sitting without a jury. The method of raising such evidentiary questions here should be the same. It is therefore held, by virtue of the analogies above and the authorities cited below, that all evidence admitted in a trial by the county court sitting without a jury, whether properly or improperly, is merged in the court's findings; that the failure to except to the findings waives the exception to the admission of evidence; and that exceptions to the admission of evidence cannot cure the failure to except to the findings based thereon. *Bethel Mills* v. *Whitcomb,* 116 Vt 357, 76 A2d 548, 552; County Court Rule 31 (6); *Kitsap County Bank* v. *U. S. Fidelity & Guaranty Co.,* 90 Wash 12, 18, 155 P 411, 413; *Washington Brick, etc. Co.* v. *Adler,* 12 Wash 24, 27, 40 P 383; *Ironton Cross Tie Co.* v. *Evans,* 146 Mich 197, 109 NW 254; *Stafford* v. *Crawford,* 118 Mich 285, 76 NW 496; 4 CJS Appeal & Error § 336, p. 730. The defendant's exception to the admission of the notice, plaintiff's No. 6, is not for consideration.

Second for consideration are the defendant's exceptions to the trial court's failure to find as requested. It is noted, to begin with, that unless matters concerning a hospitalization of the now pauper's wife, which will be the subject of discussion in this connection, interrupted the acquisition of a settlement, the court's findings justify its conclusion that the pauper lived in the defendant city supporting himself and family for the three year period required by P. L. 3923, then in force. In fact the defendant does not seriously question that the now pauper has a settlement there, except for the incident of his wife's hospitalization and its correlatives.

The defendant filed requests for findings of fact, and excepted to the court's refusal to find as requested by its requests Numbers 13, 19, 28, 15, 20, 25 and 27. The requests were calculated to establish these facts: The Barre City Hospital (a private corporation) notified the defendant during the three year period of residence that it would look to the defendant city for payment of the expense incurred by the hospital in the care and treatment of the now pauper's wife; this notice made the defendant city legally liable for such care; such liability could not be avoided by a subsequent illegal payment of the bill by the plaintiff town; the hospital care was necessary. In this regard the court found that the defendant city never did pay the hospital bill,

and that it was paid by the plaintiff town two years three and one-half months after it was incurred. Although not expressly found, it is fairly inferable from the findings in support of the judgment that the hospitalization was not furnished upon the authorized credit of the defendant city.

The defendant's theory in support of its requested findings is that the incurring of legal liability under P. L. 3918-3957 dealing with the support of paupers interrupts the acquisition of a pauper settlement, even though the liability is never discharged. The Public Laws of 1933 were in force at the appropriate time; the sections just cited now appear, in altered form, as V. S. 47, §§ 7097-7140. An examination of the soundness of the defendant's theory is in order.

The answer depends upon an interpretation of the words "supporting himself and family" as they appear in P. L. 3923 and 3926. In *Manchester* v. *Townshend,* 110 Vt 136, 143, 2 A2d 207, 209, we held that the phrase is equivalent to "a self-supporting residence, i. e., no pauper aid" from the town or city of residence. The general rule is that the actual receipt of pauper supplies is necessary to prevent the acquisition of a settlement. 70 CJS, Paupers, § 34a(3). *Inhabitants of Corinna* v. *Inhabitants of Hartland,* 70 Me 355, is a pauper case involving this same point. It was contended that the settlement was interrupted because pauper supplies were furnished. No supplies were in fact furnished. The record showed a promise to pay only, but the overseers paid nothing. The Court said that liability is not sufficient to break the continuity of residence; that supplies must be actually furnished, either paid for by the town or furnished upon the town's authorized credit. The holding was that notice is not sufficient to interrupt acquisition of a settlement unless the town actually furnished pauper supplies by payment or upon the town's credit. In *Inhabitants of Glenburn* v. *Inhabitants of Naples,* 69 Me 68, it was said that distress and application for aid is not sufficient to prevent the acquiring of a settlement; aid must be actually rendered; there must be supplies received as a pauper. Notice was given but relief was not furnished in *In re Kelly,* 46 Misc 548, 95 NYS 53. It was held that a settlement was not interrupted, the court remarking that an application for relief is futile unless followed within a reasonable time with support; that the cause of action is the fact of actual relief furnished or to be furnished; that if no such relief is furnished the person is not a poor person, and notice is useless. The words "supported as a pauper" were construed in *Sheboygan County*

v. *Town of Sheboygan Falls,* 130 Wis 93, 95, 109 NW 1030, 1031, thus : It is essential that aid should have been given by the town and that such aid should have been applied to or received by the supposed pauper. This, too, was a case concerning the acquiring of a settlement.

By the Revision of 1947 (V. S. 47) the General Assembly added a new and interesting phraseology to the statutes governing relief of the poor. V. S. 47, § 7105 provides in part : "A settlement shall not be gained in a town by any person who receives such relief, as is required by the provisions of this chapter, for himself or family." The word "receives" means to be a recipient, to get, accept. Webster's New International Dictionary. Its connotation as used harmonizes with an actual furnishing of poor relief, rather than with an executory noncontractual liability for the same. We well know that this statute became effective February 1, 1948, a time too late to be germane to the issue now under discussion. Mention is made of it as indicating that the present mind of the General Assembly coincides with the authorities discussed above, and with the holding enunciated next below.

■ It is held, on what has been considered, that liability for pauper aid not furnished upon the authorized credit of a town or city does not interrupt the acquiring of a settlement, when such liability is not discharged within a reasonable time after it has been incurred. It is further held that a delay in payment of two years three and one-half months is unreasonable as a matter of law when, as here, no explanation of such delay is made. From these holdings it follows that had defendant's requests to find been granted, facts avoiding a settlement would not have been shown, and the result would have been the same. Hence error in the refusal of the requests does not appear.

*Town of Hardwick* v. *Town of Barnard,* 102 Vt 330, 148 A 408, is relied upon by the defendant. There the town furnishing relief was seeking to recover from the town of settlement. The overseer had agreed that the plaintiff town would be responsible for a hospital bill, although no money had been paid out. It is quite practical to say that a town agreeing to furnish poor relief can recover from the town of settlement because of the obligation resting on the former to afford necessary relief. But it is a different thing, and lacking in practicality too, to say that a settlement is interrupted by an imposition of statutory liability when the imposed liability is not discharged

within a reasonable time. *Town of Hardwick* v. *Town of Barnard, supra,* does not control the instant case.

*St. Albans Hospital* v. *City of St. Albans,* 107 Vt 59, 176 A 302, is also relied on by the defendant as supporting the proposition that the notice by the Barre City Hospital to the defendant city *ipso facto* made the city responsible for the hospital care and treatment under P. L. 3926, now V. S. 47, §§ 7112-7114. That statute deals with relief to transient persons and prisoners. No doubt the notice in the instant case did make the defendant city liable for the hospital care. But the notice did not establish that the patient's husband was a pauper. *St. Albans Hospital* v. *City of St. Albans, supra,* 63. Moreover, the effect on the acquisition of a settlement of a failure to discharge statutory liability for a poor person, on which this case turns, was not an issue in the St. Albans case.

The defendant briefs an exception to the judgment. The record discloses that no exception was taken to the judgment; no legal question concerning it is before us. *Abel's Inc.* v. *Newton,* 116 Vt 272, 274, 74 A2d 481; *Jenness* v. *Simpson,* 84 Vt 127, 133, 78 A 886. We indulge, though, in these observations. Much of the defendant's complaint about the judgment is answered by the disposition of his requests for findings. Its further claims are that no notice was given by the plaintiff town to the defendant city that recovery for needy children was sought under V. S. 47, § 9865, and that there is no allegation therefor in the plaintiff's "writ." These claims are untenable. V. S. 47, § 9865 by its terms does not require a notice as a prerequisite to liability. In this respect it is unlike V. S. 47, § 7109, formerly P. L. 3924, and V. S. 47, § 7117, formerly P. L. 3927. As noted at the beginning of this opinion, the plaintiff's disbursements under V. S. 47, § 9865 for the needy children were included in its specification. Evidence was introduced in support thereof. The trial court found the items as a fact without exception. Error does not appear. *Judgment affirmed.*