## Town of Northfield v. Town of Waterbury

[ 201 A.2d 694 ]

April Term, 1964

Present: Holden, C. J., Shangraw, Barney and Smith, JJ. and O'Brien, Supr. J.

Opinion Filed June 2, 1964

*Norbert J. Towne* for the plaintiff.

*Meaker & Adams* for the defendant.

*Chester S. Ketcham,* Deputy Attorney General, *amicus curiae.*

**Holden, C. J.** The question in this appeal is the settlement of a poor person and his family who have been administered assistance under the statutes relating to municipal poor relief. The statutory provisions with which we are mainly concerned are:

33 V.S.A. §701: . . . Settlement: The town in this state in which a person last resided for three years supporting himself, or himself and family if he had one, which settlement shall continue until he shall have gained a like settlement in some other town in this state, or shall have removed from the town of his settlement and remained therefrom for an uninterrupted period of three years, during which period he has not been relieved by such town;

33 V.S.A. §782. An overseer of a town furnishing relief to a poor person shall within thirty days from the time of first providing relief give notice to the overseer of the town in this state wherein such poor person has his settlement, or to the commissioner, if such poor person is a state charge. The overseer so notified shall then furnish such poor person relief or remove him to the town in this state wherein he has his settlement, provided that such removal will work no hardship on such poor person or his family. If such overseer so notified fails within sixty days after receipt of such notice to remove such poor person or furnish him relief, the town furnishing such relief may recover therefor in an action on this statute against the town in which such poor person has settlement. . . .

The plaintiff, the Town of Northfield, has recovered a judgment in Washington County Court by way of reimbursement for relief furnished to the family of Wilbur Brown, Sr. during the period from 1953 through 1956. The facts upon which this judgment was entered were agreed upon and incorporated in the court's findings.

Prior to May 1946, Wilbur Brown, Sr. had acquired a settlement in the Town of Waterbury under section 701, by having lived there for more than three years supporting himself and his family. On or about that date the Brown family moved to the town of Northfield where they remained until the summer of 1950. Thereafter they resided in various other towns in the same general area of the state.

The Brown family were furnished no public assistance by the Town of Waterbury during the three-year period after moving from that town, nor was Waterbury called upon to furnish relief. However, in 1947 and again sometime in 1949 the Town of Northfield paid hospital bills incurred for care of members of the Brown family in the amounts of $29.55 and $25.00. No notice of such assistance was furnished by Northfield as required by 33 V.S.A. §782.

On May 9, 1951, Waterbury reimbursed the Town of Bethel for hospital care provided the Brown family during the years 1950 and 1951. In 1952, Brown moved his family back to Northfield. Again, hospital care was provided by the Town of Northfield. As to assistance furnished during 1953 and 1954, Waterbury was notified by Northfield within thirty days from the time the relief was provided. No notice has been given by Northfield for assistance furnished after that time. The Town of Waterbury also made contributions from 1952 to October 1954 to federal and state aid furnished the Brown family under the aid to dependent children program of the social security act.

It is to be noted that the county court permitted no recovery for the relief furnished by the plaintiff to Brown in 1947 and 1949. It is apparent, however, that the relief furnished at this time was of controlling importance in the judgment of the court in its determination that Brown's settlement continued in the Town of Waterbury. The correctness of this legal conclusion is the issue presented by the defendant's appeal.

The notice required by 33 V.S.A. §782 is mandatory. The statute provides that a town furnishing relief "shall within thirty days

from the time of first providing relief give notice to the overseer of the town in this state wherein such poor person has his settlement . . .". The requirement has greater importance than merely furnishing information. Once given, it enjoins affirmative action on the part of the town of settlement. It affords the recipient an opportunity to adjudge the merits of the request for relief and to determine the liability of the town for such assistance. If the poor person has a legal settlement in the town notified, its overseer has an election to remove the poor person, if it can be done without hardship, or to administer the relief himself without intervention of the town to which the poor person has removed. If the town of settlement fails to respond in either of these alternatives, it does so at its peril. But until notice is given, no duty attaches.

In this instance, the Town of Waterbury was not called upon to act. As the town of settlement, it was afforded no opportunity to determine the validity of the Browns' request.

Prior to 1943, the obligation of the town of settlement continued until a poor person gained a settlement in some other town by supporting himself and family without public assistance for three successive years. Until such new settlement was achieved, the town of original settlement continued. P. L. 3923; *City of Rutland* v. *Town of Wallingford,* 109 Vt. 186, 190, 194 Atl. 360.

Section 4 of No. 47 of the Acts of 1943, adopted after the *Rutland* case, introduced a significant change in the statute as it relates to settlement. By this enactment a settlement could be lost without the poor person's gaining a new settlement in some other town.

Accordingly it provides, "A person who removes from a town in which he has resided for three years supporting himself and family and remains therefrom for an uninterrupted period of three years, during which he has not been relieved by such town shall be deemed to have lost his settlement therein." No. 47, §4, Acts of 1943.

This section has never been specifically amended nor repealed. However, a change in context did occur at the time of the 1947 revision of the Vermont statutes when section 4 of No. 43 of 1943 was incorporated in the statutory definition of settlement contained in V.S. '47 §7097, now 33 V.S.A. §701. By these revisions, the words of the original act, "shall be deemed to have lost his settlement therein," were discarded.

Both the plaintiff and the State of Vermont advocate that the word "such" used in section 701 should be construed to read *any.*

This, of course, would mean that the relief furnished by Northfield to the Brown family in 1947 and 1949 would prevent the loss of the family's settlement in Waterbury, and that town's liability would continue.

■ The word "such" as used in the statute is descriptive and refers to the last antecedent. 40 Words and Phrases 464 (Perm Ed.) ; 2 Sutherland Statutory Construction §4921 (3d Ed) ; *Chase Rand Corp.* v. *Pick Hotels Corp. of Youngstown,* 167 Ohio St. 299, 147 N.E.2d 849, 855.

More important, the word "such" as used in the 1943 enactment could only refer to the town of original settlement, since that is the only town mentioned. To substitute the word "any" would, in effect, repeal the 1943 enactment and render its passage useless. It would restore the law to the condition in which it existed at the time of *City of Rutland* v. *Town of Wallingford, supra,* 109 Vt. 186.

■ The meaning of section 4 of No. 47 of the 1943 enactment is entirely clear. Its purpose was to provide for a loss of settlement where a person removes from the town where he had supported himself and family and remains therefrom for three consecutive years without receiving aid from the town from whence he came. Since the language of the original act is clear, and there is nothing in the revised statute to indicate a different purpose, we must give effect to its terms according to the plain meaning of the words as originally used. *Stearns* v. *Graham,* 83 Vt. 111, 114, 74 Atl. 486; *Twombly* v. *Piette,* 99 Vt. 499, 507, 134 Atl. 700; *In re Blake,* 107 Vt. 18, 26, 175 Atl. 252; *In re Whittemore,* 118 Vt. 282, 284, 108 A.2d 406. Indeed, the abbreviated language employed in the revisions of 1947 and the Vermont Statutes Annotated are entirely consistent with the meaning expressed in the first enactment.

The agreed facts establish that the Brown family was not relieved by the Town of Waterbury during the three-year period of its uninterrupted absence from that town. By operation of 33 V.S.A. §701, Brown must be deemed to have lost his settlement in Waterbury at the expiration of the three-year period of uninterrupted absence during which no relief was furnished by that town.

This result is not affected by the provisions of 33 V.S.A. §783, subsection (a) which provides: "In the event notice as provided in section 782 is not given within such thirty day period, notice sub-

sequently given shall be effective for all purposes except that no reimbursement shall be had for such expenses incurred before such notice is given."

Whether these provisions could have the effect of reviving a lost settlement, as claimed by the State as *amicus curiae,* must remain an open question. The statute was not adopted until 1951. (No. 169, §2 of 1951.) By that time Brown's settlement in Waterbury had already been extinguished. Since statutes dealing with poor relief do not operate retroactively, unless the language permits of no other interpretation, the 1951 act has no bearing on this appeal. *City of Rutland* v. *Town of Chittenden,* 74 Vt. 219, 221, 52 Atl. 426.

The State apprehends that the construction adopted here might, in some instances, change the status of a settled poor person to that of an unsettled transient. It is argued that this might have the effect of transferring liability from the town of first settlement to the State. This question is not before us since the State is not directly involved as a party to these proceedings. But if the result which the State fears is an objectionable consequence, that decision, and the means to remedy it, lie with the legislature rather than with the courts.

The fact that the plaintiff assisted the family without calling upon Waterbury for reimbursement does not meet the requirement of the statute. In resolving the question of whether the prior settlement has been extinguished, assistance furnished by some other town without taking the necessary steps to impose liability for reimbursement is without force and effect.

There is nothing in *Town of Randolph* v. *City of Barre,* 116 Vt. 557, 80 A.2d 537 to require a different conclusion. No question of loss of settlement in a town of former responsibility was presented. The entirely different problem of the acquisition of a new settlement by three years of self support was the issue. It was held that liability for pauper aid, not furnished upon the authorized credit of a municipality, did not interrupt the acquisition of a new settlement, when such liability is not discharged within a reasonable time after it was incurred. *Town of Randolph* v. *City of Barre, supra,* 116 Vt. at 561.

The fact that Waterbury contributed to aid furnished by the federal and state governments under the aid for dependent children program did not affect the recipient's standing under the pauper law. *Town of St. Johnsbury* v. *Town of Lyndon,* 107 Vt. 404, 406,

180 Atl. 892. Nor is the defendant's liability changed by the fact that it reimbursed Bethel for relief furnished after Brown's settlement was lost. This was a voluntary payment outside the statute. It could have no effect to revive a settlement which had already been extinguished when the payment was made.

The judgment appealed from undertakes to impose liability against the defendant for relief furnished the Brown family after Brown's settlement in the defendant town was terminated. In this there was error.

*Judgment reversed. Judgment for the defendant to recover its costs.*