## Town of Cambridge v. Town of Underhill

[ 204 A.2d 155 ]

June Term, 1964

Present: **Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.**

Opinion Filed October 6, 1964

*Clifton G. Parker* for plaintiff.

*Gravel & Bing* for defendant.

**Barney, J.** Does widowhood alter the statutory determination of pauper settlement? The trial court answered this question in the negative, and the case is here on appeal.

The facts are agreed. Antonia Pecor was married to Harold Pecor in 1933. The couple lived in Essex, Vermont, at the time and remained there until Harold died in 1935. Antonia has never remarried. In 1947 she moved to Underhill, Vermont, and remained there until 1955. She lived in Underhill for more than three consecutive years without public assistance. In 1951, 1952 and 1953 she received assistance from Underhill in the form of $288.65 paid on hospitalization charges. In 1955 she moved to Cambridge, Vermont, where her poor health required medical and nursing home care. This has been furnished as public assistance by the Town of Cambridge since that time. Appropriate and timely statutory notice was given to Underhill by Cambridge upon the furnishing of assistance. These facts would place the pauper settlement in the town of Underhill in the usual case. *Town of Randolph* v. *City of Barre,* 116 Vt. 557, 559, 80 A.2d 537.

Underhill offers a rationale for keeping the pauper settlement of Mrs. Pecor in Essex, which it claims is required by a close reading of the statutes involved. To understand the argument we must begin with section 3919 of the General Laws, as amended by No. 76 of the Public Acts of 1935:

> A married woman who lived with her husband in a town where he last resided for three years supporting himself and family, shall be deemed to have gained a residence in such town, and such town shall be liable for her support as a pauper. An illegitimate child shall be deemed to have the residence of his mother and the town liable for the support of the mother shall be liable for the support of such child.

As a consequence of the general revision of the statutes in 1947, this section took the following form, effective February 1, 1948:

> The settlement of a married woman shall be that of her husband and such settlement shall continue, even though such woman becomes a widow, is divorced or legally separated from her husband. However, a married woman may gain a separate settlement if divorced or legally separated from her husband, or if her husband has deserted her for a period of three years, in the same

manner as any other person. When a widow, divorced woman or unmarried mother gains a new settlement by marriage, the settlement of her minor child shall follow that of his mother, except as provided in the following section.

In 1957, by No. 20 of the Acts of 1957, this section was amended to its present form, now 33 V.S.A. §741 :

> The settlement of a married woman shall be that of her husband, and such settlement shall continue, even though such woman becomes a widow or is divorced or legally separated from her husband. However, a woman may gain a separate settlement after the death of her husband and a married woman may gain a separate settlement if divorced or legally separated from her husband, or if her husband has deserted her for a period of three years, in the same manner as any other person. When a widow, divorced woman or unmarried mother gains a new settlement by marriage, or otherwise, the settlement of her minor child shall follow that of his mother, except as provided in section 742 of this title.

Until the revision of 1947 became effective, G. L. 3919, the applicable statute, had been construed to allow a widow to acquire a separate settlement, just as any other unmarried person. *St. Johnsbury* v. *Lyndon,* 107 Vt. 404, 406, 180 Atl. 892. Justice Powers, in writing the opinion as he did, presumably felt that the question the statute was intended to settle was whether the husband's settlement would prevail over the wife's in pauper cases. When the death of the husband extinguished the marriage it also disposed of the question to which the statute related.

The argument of Underhill is that the 1947 revision overrode that interpretation of G. L. 3919, and required the settlement of a widow to remain that of her deceased husband, no matter where she moved herself, or in spite of any periods of self-support elsewhere. This remained so, says Underhill, until 33 V.S.A. §741 became the law in 1957. It was during this very period from 1948 to 1957 that Mrs. Pecor's situation was such that, but for her widowhood, she concededly acquired a new Underhill settlement.

There are two aspects to Underhill's contention. First, it is claimed that the 1947 revision effected a substantive change in the law relating to the settlement of widows as it had been interpreted by this Court under G. L. 3919. Second, that the intent of the 1947 Legis-

lature to make a change is demonstrated by the 1957 enactment relating to widow's settlement—an enactment which Underhill says should not be given retroactive effect to change Mrs. Pecor's settlement.

■ We are not unmindful of the rule that holds an amendatory act must be deemed to have some purpose. *St. Johnsbury* v. *Topsham,* 122 Vt. 268, 273, 169 A.2d 352. But an amendatory act is to be distinguished from a revision. When changes in statutes come about only as a result of a revision, caution is required in determining whether or not any substantive change in the law was intended. The presumption is that there was no such intention, unless the contrary clearly appears. *Miller* v. *Willimott,* 123 Vt. 448, 452, 193 A.2d 917; *Gould* v. *Towslee,* 117 Vt. 452, 460, 94 A.2d 416. As these cases hold, where the law is settled by judicial construction, it will not be regarded as altered by revision unless it is clear that such was the intent.

■ A look at the language of the revision, quoted above, indicates that the Legislature was still wrestling with the problem of the unitary concept in the law of two persons joined in marriage, as related to a fixing of their pauper settlement. *Jericho* v. *Morristown,* 77 Vt. 367, 60 Atl. 233, had held that a married woman could not gain an independent settlement. The revision dealt with this problem, and did bring the language of the law with respect to women having living husbands into line with that already applicable to widows. In its reference to widows and married women, the statute merely made plain that a settlement acquired through coverture did not terminate as a consequence of the end of that relationship. In short, it made such a settlement as permanent as any other. But no clear intent to reverse the law as to the acquisition of a new settlement by a widow appears in the language of the revision, and such an interpretation would be contrary to the purpose and intent of the changes plainly made. See *Town of Northfield* v. *Town of Waterbury,* 124 Vt. 193, 197, 201 A.2d 694. All this is borne out by the statement of the commission drafting the revision of 1947, which reports that its considerable revision of the poor law was an effort to clarify the same. Consequently, we do not find that the revision of 1947 was intended to upset the proposition set out in *St. Johnsbury* v. *Lyndon, supra,* 107 Vt. 404, 406, 180 Atl. 892, that a widow can acquire a separate settlement.

Nor are we persuaded otherwise by the enactment of a new statute in 1957. The contention relative to retroactive effect does not con-

cern us, therefore. We have already pointed to the rule that when the Legislature amends a statute it is presumed a change is intended. But this is a rule of interpretation, not a mandatory requirement. We are still governed by the disclosed intent of the Legislature. *State* v. *Fox,* 122 Vt. 251, 254, 169 A.2d 356. Clarification is a legitimate objective of legislative action. If the circumstances clearly indicate clarification to be intended, it would be absurd for this Court to derive from a mere rule of presumed change an interpretation of a prior statute contrary to all other indications of legislative intent. We will not do so here.

*Judgment affirmed.*