INHABITANTS OF BELMONT *vs.* INHABITANTS OF MORRILL.

Waldo.   Opinion March 7, 1882.

*Paupers, settlement of.   Burden of proof.   Practice.*

In an action for pauper supplies, where it is claimed that the pauper's settlement in the defendant town was obtained in his own right or by the person through whom it was derived by the five years residence therein without receiving pauper supplies, if the residence for five years is proved and there are no circumstances which indicate that relief was needed or given, it is sufficient, till the adverse party, alleging that supplies were furnished, offers some evidence of the fact.

Where exceptions are taken to the admission of a written memorandum as evidence and they do not state the whole evidence, and the relation of the memorandum to the whole does not appear in such a way as to show that the rulings were wrong and the excepting party aggrieved, the exceptions cannot be sustained.

ON EXCEPTIONS.

Action for pauper supplies furnished to the wife of Robert Childs.

The verdict was for the plaintiffs.

The material facts appear in the opinion.

*William H. Fogler*, for the plaintiffs, cited : *New Portland* v. *Kingfield*, 55 Maine, 172 ; *Corinna* v. *Hartland*, 70 Maine, 356 ; *Weld* v. *Farmington*, 68 Maine, 301 ; *Norridgewock* v. *Madison*, 70 Maine, 174 ; *Hovey* v. *Hobson*, 55 Maine, 276 ; *Dennen* v. *Haskell*, 45 Maine, 430 ; *Millett* v. *Marston*, 62 Maine, 477 ; *Tarr* v. *Smith*, 68 Maine, 97 ; *Barrett* v. *Bangor*, 70 Maine, 335 ; *Wing* v. *Chesterfield*, 116 Mass. 356.

*William H. McLellan*, for the defendants.

SYMONDS, J.   In 1855, the town of Morrill was incorporated, from territory previously included in the town of Belmont. The father of Robert Childs, husband of the alleged pauper, lived in Belmont from 1823 till the division of the town ; and the plaintiffs claimed that for five years preceding Robert's becoming of age, in December 1836, his father's residence had been continuous there, without aid received from the town ; and that the

derivative settlement gained in this way by Robert Childs in the plaintiff town became fixed by operation of law in the town of Morrill, upon its incorporation. Spec. laws, 1855, c. 466, § 4.

This the defendants denied, and asserted that during that period of five years, pauper supplies had been furnished. The ruling of the court that upon this last issue, whether, supposing the father's residence in Belmont, in 1836, had been long enough to give him a legal settlement there, it had been interrupted by receiving pauper supplies, or not, the burden of proof was on the defendants, seems to be in accordance with the opinion of the court in *Corinna* v. *Hartland*, 70 Maine, 355. We understand it to mean no more than this : that when the plaintiffs undertook to prove a pauper settlement acquired by the father in the sixth statutory mode, proof of residence in the ordinary way, without unusual circumstances showing want or destitution, without apparent sign of the need or of the furnishing of supplies, raised a certain presumption of fact that none were furnished, which was as far as the plaintiffs need go towards proving a negative, till the defendants overcame this presumption by evidence.

To require the plaintiffs to prove an absolute negative might be impracticable. If the residence for the five years is proved, and there are no circumstances which indicate that relief was needed or given, it is sufficient, till the adverse party, alleging that supplies were furnished, offers some evidence of the fact. We think the reasons given for the ruling at the trial, and the manner in which it was stated, sufficiently limited or qualified it.

The cases cited by the counsel for the plaintiffs, sustain the admissibility of the memorandum signed by the selectmen of the two towns, and relating to the adjustment of accounts between them for the support of the father and mother of Robert Childs ; provided it was relevant to the issue before the jury. It was dated March 29, 1858, and the objection urged is, that a memorandum affecting a person's settlement in 1858 is not admissible on the question of his settlement in 1836. We cannot say that it may not be. That depends upon whether there is evidence connecting the two dates, tracing back the settlement of 1858 to

1836, and showing that it continued the same. For all that the exceptions show, there may have been such evidence at this trial. If the fact of the father's residence in Belmont, for the five years preceding 1836, had been formally admitted at the beginning of the trial, or before the memorandum was offered, and the court had been then advised that the only question made was whether he received aid during that time, or not, there is no reason to suppose that the memorandum would have been received in evidence at all. Payment by the defendant town for the father's support in 1858 was only evidence by way of admission on their part that he had then acquired a settlement there by residence as alleged. It did not tend to show that he had also received aid prior to 1836; and if with the jury it improperly had such effect, it would be in the defendants' favor.

The request to the court to rule the memorandum out, made during the progress of the defendants' argument, does not appear to have been accompanied by a formal admission of the fact of residence for the five years prior to 1836. The statement of the case is, that the defendants denied that the father "lived in Belmont five years without receiving pauper supplies" prior to 1836. On one branch of this question this paper was admissible, if connected in point of date, as we assume it was. The exceptions do not state the evidence in the case, and the relation of this memorandum to the whole does not appear in such a way as to enable us to say that the rulings were wrong, or that the defendants were aggrieved.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.