WALTER NIEDZWIECKI *vs.* PETER LAUDATI.

MARCH 24, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action of assumpsit, in which the declaration contains a count alleging an indebtedness of the defendant to the plaintiff on book account in the amount of $212, and contains also the common and money counts on an alleged indebtedness of $300. A bill of particulars by the plaintiff states that he seeks to recover $200 paid by him to the defendant on May 6, 1932, by way of deposit on "an agreement for the sale of real property, which agreement has been rescinded by the plaintiff because of the inability of the defendant to carry out its specific terms."

The only evidence that is before us of what the agreement was is plaintiff's exhibit 2, which reads as follows:

"Providence, R. I., May 6, 1932

Received from Walter Niedzwiecki Two Hundred.... 00/100.... Dollars Being on account payment for 16½ acres of land with all the buildings thereon, located on the easterly side of Olney Arnold Road Cranston R. I. price $3250 of which Balance of $3050—to be paid in cash on delivery of Deed conveying good clear Title within 15 days, also Deed to be given for another 4 acres on rear of above property free of charge. $200 00/100

Peter Laudati agent."

It is not in dispute that the $200 was paid, in accordance with the language of this receipt or that the receipt was duly signed by the defendant. It is not contended for the defendant that in this matter he was acting as agent for a disclosed principal.

It appears that at the trial by jury in the superior court there was much conflict in the testimony, especially between that given by the two parties, the plaintiff claiming, among other things, that the defendant never offered or was able to deliver to him a deed in accordance with the receipt, and also that he, the plaintiff, demanded and was entitled to receive a return of his deposit, which the defendant refused to return. The defendant, on the other hand, apparently relied on a number of defenses. But, as he has brought up only a fragmentary transcript, none of the evidence for him is before us, and very little of that for the plaintiff.

At the conclusion of the trial the jury returned a verdict in favor of the plaintiff for $260.06, being the sum of $200 plus interest. The defendant filed a motion, on the usual grounds, for a new trial, which was denied in a decision by the trial justice. The case was brought by the defendant to this court on a bill of exceptions, which sets forth his exception to this decision, and also four exceptions to rulings by the trial justice as to the admission of certain testimony.

The case was evidently tried mainly on oral testimony, but the transcript, which accompanies the bill of exceptions, sets forth no testimony except what was admitted by the trial justice in these rulings and a very little other testimony by the same witness.

On account of the extremely incomplete transcript, we cannot pass upon the exception to the decision of the trial justice in denying the defendant's motion for a new trial. In fact, though the defendant's counsel stated at the hearing before us that this exception was not abandoned, no attempt was made in his oral argument or in his briefs to support it.

Three of the other exceptions are to the following rulings set forth in the partial transcript. A title examiner testified for the plaintiff that on May 6, 1932, upon the application of the plaintiff, he examined the title of certain land in Cranston, and that it then stood in the name of Dorothy G. Maynard. When the plaintiff's attorney asked him in whose name that property was on the 11th or 12th of May, an objection was made by the defendant's attorney and overruled, and an exception was noted. The witness answered: "Fred C. Greco."

The plaintiff's attorney then asked when it came into the name of Fred C. Greco. An objection to this question was made by the defendant's attorney and overruled, and his exception was noted. The witness then answered: "The conveyance was signed May 11th, 1932, recorded May 14th, 1932 at 9:45 A. M." When asked where that property was, the witness answered that it was "located on the easterly side of the Olney Arnold Road in the City of Cranston, Rhode Island."

When the plaintiff's attorney asked the witness whether the records indicated that the name Peter Laudati appeared on the deed to Greco, an objection was made by the defendant's attorney and was overruled, and an exception was noted. The witness then answered that, on the deed from Dorothy G. Maynard to Fred C. Greco, Peter Laudati was the notary public.

The defendant's attorney contended before us that the testimony in answer to the questions thus objected to was immaterial and constituted hearsay evidence that was only secondary, when primary evidence was obtainable; and that this evidence was prejudicial to the defendant. But we are unable, from the fragmentary record before us, to decide whether this testimony, even if erroneously admitted, was material or immaterial or whether or not it was prejudicial to the defendant. Therefore we cannot say that there is merit in these exceptions.

In *Belmont* v. *Morrill,* 73 Me. 231, after the plaintiffs had obtained a verdict in the trial court, the defendants took the case to the supreme court on a bill of exceptions. One of the exceptions was to a ruling of the trial justice admitting in evidence, in favor of the plaintiffs, a certain memorandum. The supreme court had before it no transcript of the evidence and overruled all the exceptions, saying as to this one: "The exceptions do not state the evidence in the case, and the relation of this memorandum to the whole does not appear in such a way as to enable us to say that the rulings were wrong, or that the defendants were aggrieved."

In *In re Stillman,* 28 R. I. 297, 67 A. 5, a petition was filed in the supreme court to establish a bill of exceptions, which had been disallowed by the superior court because no transcript of the evidence was presented with it. The court says: "The exceptions presented, as far as can be gathered from the bill, are to the exclusion of certain evidence which was offered at the trial and to the allowance by the court of a charge for compensation. In order to decide these exceptions it would be necessary to have a transcript of the evidence which was before the court, both to understand the grounds of the allowance and also the application of the excluded testimony. The Superior Court properly disallowed the bill, and we must dismiss this petition for the same reason."

In *Vassar* v. *Lancaster,* 30 R. I. 221, 74 A. 711, an action for breach of covenant had been tried in the superior court

and a verdict had been returned for the plaintiff. The defendant, in proper time after a ruling by the trial justice denying his motion for a new trial, filed a notice of intention to prosecute a bill of exceptions but failed to file an exception to the ruling. Because of this failure, the trial justice disallowed the defendant's bill of exceptions and transcript of the testimony. The defendant then filed in this court a petition to establish the truth of his exceptions; but he did not file a petition to establish the correctness of the transcript.

There were only three exceptions stated in the bill of exceptions in that case. The first was to the denial of the motion for a new trial and the other two were to rulings on the admission and exclusion of testimony. This court refused to establish the truth of the first of these stated exceptions because in fact no such exception was taken.

Although the other two exceptions were supported by an affidavit, this court dismissed the petition, because the transcript of testimony had not been allowed in the superior court and no petition to determine its correctness had been filed in this court, saying: "The second and third exceptions, therefore, if established, could not be considered. In order to decide them it would be necessary to have before the court a correct transcript of the whole testimony in order to understand the grounds of the rulings to which said exceptions were taken. *In re Stillman,* 28 R. I. 297." So also, in the instant case we cannot sustain any of the defendant's second, third and fourth exceptions because, on the fragmentary transcript before us, we cannot decide that any of the rulings covered by these exceptions was erroneous or prejudicial to the defendant.

Just a little further along in the transcript before us, after the testimony last above quoted, it is shown that the plaintiff's attorney, apparently referring to the property in question in this case, asked the same witness: "And what is it described as, Mr. Carney?" This was objected to by

the defendant's attorney on the grounds that it called for secondary evidence and that the area of the property in question could not be shown without a survey. This objection was overruled and an exception noted, being the fifth exception in the defendant's bill of exceptions. The witness then testified: "According to the plats made for the Board of Tax Assessors of the City of Cranston it is described as Lot 27 on Assessors' Plat No. 21, and according to their figures it contains an area of eleven acres and twenty-nine one hundredths of an acre."

Upon the rule laid down and applied in the cases above cited, a rule which in our opinion is correct, we cannot properly, even if this testimony was of the nature of hearsay and secondary evidence, hold that it was error prejudicial to the defendant for the trial justice to admit it.

Moreover the above question: "And what is it described as, Mr. Carney?" immediately followed the question: "Will you tell us what that property is?" and that question immediately followed testimony by the same witness as to a certain deed from Dorothy G. Maynard to Fred C. Greco conveying this property. From this preceding testimony it is clear that the question: "And what is it described as ...?" called upon the witness to tell how this property was described *in that deed;* and the trial justice must have so understood it, when he overruled the objection to it. This, in our judgment, makes it clear that under the rule above discussed we cannot say that this ruling constituted error prejudicial to the defendant.

The answer was not responsive to the question and therefore the defendant's attorney, in order to be able to contend in this court that the answer was improper and constituted error prejudicial to the defendant, should have moved that the answer be stricken out, and should have taken an exception to the denial of his motion, if it was denied. His failure to do this is another good reason why we cannot properly sustain this fifth exception.

The defendant's exceptions are all overruled and the case is remitted to the superior court for entry of judgment on the verdict.

*McKiernan, McElroy & Going, Edward F. McElroy,* for plaintiff.

*Harlow & Boudreau,* for defendant.