## State of Vermont v. Eric Thompson
## State of Vermont v. Joel Stoddert

[807 A.2d 454]

Nos. 01-263 & 01-396

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed August 15, 2002

*William H. Sorrell,* Attorney General, and *John Treadwell,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee (01-263)/Petitioner-Appellant (01-396).

*Richard R. Goldsborough* and *Edward M. Kenney* of *Perry, Schmucker & Goldsborough, PLLC,* South Burlington, for Defendant-Appellant (01-263).

*Paul S. Volk* of *Blodgett, Watts & Volk, P.C.,* Burlington, for Respondent-Appellee (01-396).

**Amestoy, C.J.** This consolidated appeal asks the Court to decide whether a defendant convicted of a sex offense is required to register as a sex offender pursuant to Vermont's Sex Offender Registration Act, when sentencing has been deferred pursuant to 13 V.S.A. § 7041. We hold that such registration is required.

In July 2000, defendant Thompson was charged with lewd and lascivious conduct with a minor in violation of 13 V.S.A. § 2602. In April 2001, pursuant to a plea agreement, Thompson pled guilty to an amended charge of lewd and lascivious conduct, in violation of 13 V.S.A. § 2601, and prohibited acts, in violation of § 2632.[1] The court, consistent with the recommendation of the state's attorney pursuant to the plea agreement, sentenced Thompson to six to twelve months of probation for violation of 13 V.S.A. § 2632, but deferred sentencing for four years on the lewd and lascivious conduct charge. Thompson reserved the right to appeal if ordered to register as a sex offender, and filed a motion to seal his records from the sex offender registry. In May 2001, the court denied Thompson's motion to seal his records, and ordered him to register as a sex offender. Thompson appealed.

In July 2001, defendant Stoddert was charged with possession of child pornography in violation of 13 V.S.A. § 2827. Pursuant to a plea agreement, Stoddert pled guilty that same month, and the court deferred sentencing for three years pursuant to 13 V.S.A. § 7041. Stoddert, as part of the plea agreement, reserved the right to argue

---

[1] Title 13 V.S.A. §§ 5401-5413, the Sex Offender Registration Act, mandates registration for a defendant convicted of crimes the statute defines as "sex offenses." At the time of defendants' indictments and pleas, these included: sexual assault as defined in 13 V.S.A. § 3532, aggravated sexual assault as defined in 13 V.S.A. § 3253, lewd and lascivious conduct as defined in 13 V.S.A. § 2601, sexual activity by a caregiver as defined in 33 V.S.A. § 6913(d), kidnapping a minor as defined in 13 V.S.A. § 2405(a)(1)(D), lewd and lascivious conduct with a minor as defined in 13 V.S.A. § 2602, white slave traffic with a minor as defined in 13 V.S.A. § 2635, sexual exploitation of children as defined in Title 13 chapter 64, or an attempt to commit any of these offenses, 13 V.S.A. § 5401(10)(B)(vi). Defendant Thompson pled guilty to both charges of lewd and lascivious conduct and prohibited acts, but only the former mandates that defendant register as a sex offender. See 13 V.S.A. § 5401.

that he was not obligated to register as a sex offender.[2] The State filed a motion seeking a court order that Stoddert register as a sex offender. In August 2001, the trial court denied the State's motion. The court construed recent legislative amendments to the sex offender registry law, 2001, No. 49, which included the mandating of registration of deferred sentence convictions, as evidence of a legislative intent *not* to require registration of such conviction prior to the September 1, 2001 effective date of the changes to the statute.

On appeal, defendants argue that the plain language of subsection (b) of 13 V.S.A. § 5403, "Reporting upon conviction," requires the sex offender's conviction to be forwarded by the court to the Department of Public Safety (DPS) only after *sentencing*, and by definition an offender convicted pursuant to the deferred sentence statute, 13 V.S.A. § 7041, has not been sentenced. In the alternative, defendants argue that to the extent § 5403 is ambiguous, such ambiguity must be resolved in favor of defendants because the statute is penal in nature, not remedial. Defendants further claim that their interpretation must be given force and effect because the recent legislative amendments to the Sex Offender Registration Act requiring sex offenders to register and provide information during the period of their deferred sentence indicates that persons receiving deferred sentences for sex offenses were not previously required to register as sex offenders.

The State asserts that § 5403 should be construed liberally, as a remedial statute, and therefore should be read to require sex offenders to register at the time of conviction. Further, the State contends that the recent legislative amendments to the Sex Offender Registration Act were intended by the Legislature as a clarification, not a substantive amendment, to the definition of conviction, and that the provision that prohibited retroactive application of the statute applied only to those amendments to the Act that substantially altered the law.

When construing a statute, our paramount goal is to effectuate the intent of the Legislature. *Tarrant v. Dep't of Taxes,* 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). In determining legislative intent we look first at the plain meaning of the statutory language. *State v. Brennan,* 172 Vt. 277, 280, 775 A.2d 919, 921 (2001). We will enforce the statute without resorting to statutory construction if the legislative intent is

---

[2] Defendant Stoddert argued below that his conviction under 13 V.S.A. § 2827 was not listed as a sex offense in the Sex Offender Registration Act. The State argues in its brief that possession of child pornography is a crime involving the sexual exploitation of children and is therefore included in chapter 64 of Title 13 and, accordingly, listed as a sex offense. Defendant Stoddert did not contest this issue on appeal.

clear from the language. *Id.* Where the plain meaning of the words of the statute is insufficient guidance to ascertain legislative intent, we look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law. *In re Wal\*Mart Stores, Inc.*, 167 Vt. 75, 84, 702 A.2d 397, 403 (1997). Maxims of statutory construction are helpful in discerning statutory meaning, but "they are secondary to our primary objective of giving effect to the intent of the legislature." *Id.* (internal citations omitted).

In 1996, the Legislature enacted Title 13, chapter 167, subchapter 3: Sex Offender Registration; Law Enforcement Notification. 1995, No. 124 (Adj. Sess.). The statute provided that persons convicted of crimes defined as "sex offenses" would be required to register with DPS.

§ 5403. Reporting upon conviction

(a) Upon conviction and prior to sentencing, the court shall order the sex offender to provide the court with the following information, which the court shall forward to the department forthwith:

(1) name;

(2) date of birth;

(3) general physical description;

(4) current address;

(5) Social Security number;

(6) fingerprints;

(7) current photograph; and

(8) current employment.

(b) Within 10 days after sentencing, the court shall forward to the department the sex offender's conviction record, including offense, date of conviction, sentence and any conditions of release or probation.

13 V.S.A. § 5403. The statute also limits the persons with access to the registry and purposes for which the information could be used — primarily by law enforcement agencies for law enforcement purposes, but also to government agencies and employers doing background checks where it is "necessary to protect the public." *Id.* § 5402. In addition, the law requires sex offenders to report to DPS, upon release from any confinement or supervision of the court, their residence on an annual basis. *Id.* § 5407. The statute provides possible penalties if the sex offender fails to report, which include a fine and possibility of imprisonment. *Id.* § 5409.

Defendants first contend that the phrase "after sentencing" as contained in § 5403(b) must be construed — according to its plain language — to mean that a court cannot forward to DPS the sex offender's record of conviction where the sentence has been deferred.

We first note that § 5403 "Reporting upon conviction" establishes reporting duties of the *court*, not the sex offender. When a sex offender has been convicted in this state, the court is required to forward to DPS specified personal information about the offender including, for example, general physical description, current address, and social security number. *Id.* § 5403(a)(3)-(5). The court is required to order the sex offender to provide the court the aforementioned information "[u]pon conviction and *prior to sentencing.*" *Id.* § 5403(a) (emphasis added).

Defendants concede that subsection (a) cannot be read to mean anything other than a requirement that the court obtain and forward the specified information upon conviction. That the Legislature deemed the personal information specified in subsection (a) to be critical to the purpose of the registry and the reporting of it triggered by a defendant's conviction is further demonstrated by a sex offender's duty to report to DPS "if *convicted* of a registry offense in another state, within 10 days after ... establishing residence in this state." 13 V.S.A. § 5407(a)(1) (emphasis added).

The plausibility of defendants' "plain meaning" analysis thus requires us to isolate the words "after sentencing" of subsection (b) and conclude that the Legislature intended to require the court (or the sex offender if convicted in another state) to report private personal information to DPS for inclusion in the sex offender registry upon conviction, but to not report information that is a matter of public record (conviction, sentence, and conditions of release or probation) to DPS in instances where the defendant is subject to a deferred sentence. We do not apply the plain meaning rule where its application would require us to reach an absurd result manifestly unintended by the Legislature. *In re G.T.*, 170 Vt. 507, 517, 758 A.2d 301, 308 (2000). Here, the subject matter of the statute as a whole ("Sex Offender Registration; Law Enforcement Notification"), as well as its obvious purpose to provide appropriate authorities with information to assist in the investigation and prevention of sex offenses, compel statutory construction consistent with the reason for the law.[3] That construction

---

[3] Defendants argue that the Sex Offender Registration Act is ambiguous and, because the statute is penal in nature, any ambiguity should be resolved in favor of a defendant.

mandates that convictions of sex offenders be reported by the court to DPS for inclusion in the sex offender registry, notwithstanding that the conviction is a judgment of guilt pursuant to a deferred sentence.

■ Nor are we persuaded by defendants' contention that recent amendments to the Sex Offender Registration statute indicate that persons receiving deferred sentences were not previously required to register as sex offenders. In 2001, the Legislature enacted 2001, No. 49, "An Act Relating to Sex Offenders," which included amendments to several statutes including the sex offender registration law, 13 V.S.A. §§ 5401-5414; the white slave traffic statute, 13 V.S.A. § 2635; and the unlawful procurement and appropriating the earnings of prostitute law, 13 V.S.A. §§ 2636-2637. Act 49 also included new legislation requiring the testing for infectious diseases of offenders convicted of an offense involving a sexual act. 2001 No. 49, § 11. Act 49 included "effective date" language which made the bulk of the amendments effective upon passage, but stated that §§ 1-11 (all sections related to the sex offender registration statute) "shall take effect on September 1, 2001 and shall not have any retroactive application." *Id.* § 19.

Coupling the prohibition against retroactive application with Act 49's addition of language defining a "conviction" for purposes of the sex offender registry, defendants assert that if sex offender registration had been previously intended by the Legislature to apply to offenders subject to deferred sentences, the Legislature "would have had no reason to amend the statute." We disagree.

The Legislature in Act 49 added new language defining a conviction for the purposes of the sex offender registry:

§ 5401(15) "Conviction" means a judgment of guilt following a verdict or finding of guilt, a plea of guilty, a plea

---

We conclude that there is only one reasonable interpretation of this statute — that the Legislature intended to mandate defendants convicted of a sex offense, pursuant to a deferred sentence, to register as a sex offender — and without an indicia of ambiguity, we need not adopt defendants' proposed construction. *State v. Baldwin*, 109 Vt. 143, 148, 194 A. 372, 374 (1937) ("If there is an ambiguity which admits of two reasonable and contradictory constructions, that one which operates in favor of the person accused under its provisions is to be preferred."). Moreover, we note that a majority of the states that have construed the sex offender registry statutes in their jurisdictions have found the statutes regulatory, rather than penal, in purpose, and collateral to the conviction. See, e.g., *Patterson v. State*, 985 P.2d 1007, 1019 (Alaska Ct. App. 1999) (registration a collateral consequence of conviction); *State v. Young*, 542 P.2d 20, 22 (Ariz. 1975) (same); *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997) (registration not punitive); *State v. Costello*, 643 A.2d 531, 534 (N.H. 1994) (registration requirement is not an added punishment).

of nolo contendere, an Alford Plea, or *a judgment of guilt pursuant to a deferred sentence.* A sex offender whose sentence is deferred shall have no duty to register after successful completion of the terms of the deferred sentence agreement for the duration specified in the agreement.

2001, No. 49, § 2 (emphasis added). Defendants' assertion that the language emphasized above must inexorably lead to the conclusion that the Legislature was making a substantive change to the definition would be significantly more compelling if — as defendants erroneously represented in briefing — the Legislature was amending an existing definition of conviction. In fact, as the State correctly observes, the sexual offender registry law did not define "conviction" prior to the passage of Act 49. Hence, the State asserts that the addition of 13 V.S.A. § 5401(15) was a clarification of the law rather than a substantive change in the law.

Clarification is a legitimate and recognized objective of legislative action. *Tarrant,* 169 Vt. at 199, 733 A.2d at 740. We presume that the Legislature intended to change the meaning of a statute when it amends it, but we will recognize clarification of the law where the circumstances clearly indicate it was intended. *Id.* The contradiction inherent in defendants' claim that the Legislature intended a substantive change by inserting a definition of conviction in the sexual offender registry act and prohibiting its retrospective application is that we must then conclude that the Legislature believed that the definition of "conviction" did not encompass any of the judgments of guilt within the newly enacted definition of conviction including, for example, a verdict of guilt, a guilty plea, or a plea of nolo contendere. "If the circumstances clearly indicate clarification to be intended, it would be absurd for this Court to derive from a mere rule of presumed change an interpretation of a ... statute contrary to all other indications of legislative intent. We will not do so here." *Town of Cambridge v. Town of Underhill,* 124 Vt. 237, 241, 204 A.2d 155, 158 (1964).

*The trial court's orders denying defendant Thompson's motion to seal his records and ordering that he register as a sex offender are affirmed. The trial court's order denying the State's motion for a court order that defendant Stoddert register as a sex offender is reversed.*