*Dorr v. Lacoste*, No. 14-1-11 Bncv (Valente, J., Feb. 5, 2016).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Bennington Unit | CIVIL DIVISION<br>Docket No. 14-1-11 Bncv |
| Donald D. Dorr,<br>　　　Plaintiff<br><br>　　　v.<br><br>Paul M. Lacoste,<br>Debra J. Lacoste,<br>　　　Defendants | DECISION ON MOTION |

## Opinion

This is a contract case under the Prompt Payment Act (PPA) that has given rise to a unique set of procedural circumstances.[1]  On August 14, 2012, this court granted Plaintiff judgment against Defendant.  Defendant[2] appealed the case to the Vermont Supreme Court, which affirmed the court's decision.  No further action was taken until 2015, when Plaintiff filed a Motion for Judgment Order.  This court denied the motion, finding that the 2012 decision contained a final judgment.  On January 8, 2016, Plaintiff submitted a Writ of Execution for the $68,715.21 judgment as well as $31.23 in daily interest.[3]  For the following reasons, the Court instructs the Clerk to set daily interest at $15.62 before issuing the writ.

Vermont Rule of Civil Procedure 69 states: "In the writ of execution, the clerk shall set forth the amount of post-judgment interest due per day, calculated on the full amount of principal included in the judgment at the maximum rate allowed by law."  Plaintiff did not provide documentation regarding how he arrived at the $31.23 daily interest amount.  However, it is apparent that the amount is based on an annual interest rate of 24% on the principal of $47,500.00.   It appears Plaintiff arrived at this percentage by including two separate claims for 12% per annum interest.  The first 12% interest based on his theory that he is entitled to it under the Prompt Pay Act

---

[1] The court refers to the recitation of the procedural history in its previous opinion of November 20, 2015, and recitation of the facts in its previous opinion of August 14, 2012, as well as the Vermont Supreme Court's unpublished opinion, *Dorr v. LaCoste*, No. 2013-408 (Vt. June 12, 2013) (unpub. mem.), available at https://www.vermontjudiciary.org/UPEO2011Present/eo12-408.pdf.

[2] A second defendant, Mr. LaCoste's wife, was dismissed from the case in 2012.

[3] The parties had previously submitted written and oral argument on the issue of interest but the court did not reach that issue in its prior ruling.  Pursuant to this court's entry order, both parties supplemented their prior submissions on the proper rate of interest with memorandums directly addressing this issue.

(PPA), 9 V.S.A. §§ 4001 et seq. The second 12% interest is the general statutory interest on judgments provided for in 9 V.S.A. § 41a(a).[4]

Because Rule 69 states that the clerk may only set forth the amount of post-judgment interest at the maximum rate "allowed by law," the court must decide whether an additional post-judgment rate of 12% interest per year is permitted under the PPA. In order to do this, it must interpret the text of § 4007(b). Although this issue has not been squarely addressed before, the federal court for the district of Vermont has indicated that § 4007(b) interest is only pre-judgment interest. See *Jim Billado Roofing, LLC v. Custom Copper & Slate, Ltd.*, No. 1:08-CV-97, 2010 WL 1881097 at *5-6 (D. Vt. May 10, 2010) ("The VPPA provides for *prejudgment* interest as follows," and then proceeds to quote the entirety of § 4007(b)) (emphasis added), but see *Birchwood Land Co., Inc. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 23, 194 Vt. 478 (Warning against "conflat[ing] penalities under § 4007 of PPA and prejudgment interest," and also stating that "[a]lthough both accrue at the rate of 1%, they are distinct legal remedies."), see also *id.* ¶ 25 n.6 (rejecting holding in *Jim Billado* and declaring that prejudgment interest is available to a party despite the presence of the other party's unliquidated claim).

"When interpreting statutes, the bedrock rule of statutory construction is to determine and give effect to the intent of the Legislature." *Delta Psi Fraternity v. City of Burlington*, 2008 VT 129, ¶ 7, 185 Vt. 129 (internal quotation marks and alteration omitted). "[Courts] effectuate this intent by first examining the plain meaning of the language used in light of the statute's legislative purpose.... If that plain language resolves the conflict without doing violence to the legislative scheme, there is no need to go further." *Id.* (internal quotation marks and alteration omitted). "Where the plain meaning of the words of the statute is insufficient guidance to ascertain legislative intent, [courts] look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." *State v. Thompson*, 174 Vt. 172, 175 (2002).

"The purpose of the prompt payment act is to provide protection against nonpayment to contractors and subcontractors." *Elec. Man, Inc. v. Charos*, 2006 VT 16, ¶ 12, 179 Vt. 351. However, the relevant plain language of the statute does not shed light on this interest rate issue. The statute provides for 1% monthly interest "in addition to all other damages due and as a penalty, an amount equal to one percent per month of all sums as to which payment has wrongfully been withheld." 9 V.S.A. § 4007(b). That is the same penalty imposed by the post-judgment interest in 9 V.S.A. § 41a(a). While the statute does use the words "in addition to," there is no reference to pre- or post-judgment time periods. Thus, for purposes of this issue, the court concludes that there is no plain meaning and that it must look to the statute as a whole, the subject matter, its effects and consequences, and the reason and spirit of the law. *Thompson*, 174 Vt. at 175.

Clearly, the § 4007(b) interest is a penalty designed to motivate a breaching party to pay promptly. The court finds it significant that § 4007(b) also discusses pre-trial arbitration and the commencement of litigation. These references indicate that the penalty is pre-judgment.

---

[4] The court had in its 2012 analysis section, but not in its final judgment section, awarded Plaintiff an additional 1% per month interest under the PPA. See *Dorr v. LaCoste*, No. 14-1-11 Bncv, slip op. at 6 (Vt. Super. Ct. Aug. 14, 2012) (decision and final judgment). Plaintiff submitted a memorandum in response to a January 20, 2016 entry order arguing that he is entitled to post-judgment interest of 12% under the PPA in addition to the general statutory rate. See Pl.'s Mem. in Supp.of Interest & Penalties Under the Prompt Pay Act in Resp. to Court's Entry Regarding Mot., Feb. 1, 2016.

Therefore, taken as a whole, the court reads § 4007(b) as encouraging the breaching party to avoid the long road leading to trial.

Moreover, once there is a judgment the importance of the underlying claim fades. In the post-judgment period, the primary concern is that the non-prevailing party pays the prevailing party the judgment. There is already a statutory mechanism to encourage the prompt payment of judgments, the 12% interest in 9 V.S.A. § 41a(a).

As in his motion for attorney's fees, Plaintiff cites an intermediate appellate court decision from Pennsylvania in support of his contention that PPA interest continues to accrue post-judgment. See *Zimmerman v. Harrisburg Fudd I, L.P.*, 984 A.2d 497 (2009). However, that case does not support his position that he is entitled to the 12% PPA interest in addition to the general statutory interest. In *Zimmerman*, the court held that the PPA interest was an exception to, not in addition to, the general statutory interest. *Id*. at 502 n.8. Thus, even if the court were to adopt the analysis of the Pennsylvania court, the result would be the same – Plaintiff would still be entitled to only 12% interest per annum.

Finally, despite language in this court's analysis section (but not its final judgment) indicating the possibility that Plaintiff could recover post-judgment interest under § 4007(b), the Vermont Supreme Court described the final judgment it was affirming as "includ[ing] pre-judgment interest and Prompt Pay Act penalties of 1% interest per month from March 7, 2011 … *to the date of the decision*." See *Dorr v. LaCoste*, No. 2013-408, slip op. at 1 (Vt. June 12, 2013) (unpublished mem.), available at http://www.vermontjudiciary.org/UPEO2011Present/eo12-408.pdf (emphasis added). The Vermont Supreme Court's interpretation of this court's decision reinforces its conclusion that the interest available under § 4007(b) is only for the pre-judgment time period. Even if Plaintiff is correct that the statement was mere dictum, the court's independent analysis of the statute leads it to the same conclusion. The court rejects Plaintiff's contention that the language in its 2012 analysis section was incorporated into the final judgment, because such a reading would be contrary to the court's conclusion here that PPA interest is limited to the pre-judgment period.

For the above stated reasons, this court concludes that Plaintiff is entitled to the 12% general statutory interest on judgments provided for in 9 V.S.A. § 41a(a).

## Order

WHEREFORE, it is hereby ORDERED that the clerk shall issue the Writ of Execution for a judgment of $68,715.21 with interest of $15.62 per day from the date of judgment to and including the date of satisfaction.

Electronically signed on February 04, 2016 at 10:54 AM pursuant to V.R.E.F. 7(d).

_____

John W. Valente
Superior Court Judge