SKOGLUND, J.
¶ 1. The resolution of this appeal requires this Court to interpret 23 V.S.A. § 1205, the statute governing the procedures for civil suspensions of drivers' licenses. Specifically, the question is whether the statutory language requiring the final hearing to be held within twenty-one days of the preliminary hearing is mandatory for second or subsequent offenses and whether, as a result, defendant's civil suspension should be dismissed because her final hearing was scheduled more than twenty-one days after her preliminary hearing. The trial court concluded that the twenty-one-day requirement was not mandatory and upheld defendant's civil suspension. We reverse.
*763 ¶ 2. Section 1205 of Title 23 sets forth the procedure for suspending the license of a person who violated 23 V.S.A. § 1201 -that is, a person who operated a vehicle under the influence or who refused to submit to an evidentiary blood-alcohol test. Under § 1205(c), a violator must first be given notice of the State's intent to suspend the violator's license. A first-time violator's license will be suspended within eleven days of the violator receiving notice, unless the violator requests a suspension hearing. Id. § 1205(e)(1). If a suspension hearing is requested, a first-time violator's license will not be suspended unless the court orders a suspension after the hearing. Id. By contrast, a second or subsequent violator's license is automatically suspended within eleven days of notice, regardless of whether the second time violator requests a suspension hearing. Id. § 1205(e)(2).
¶ 3. The suspension hearing is divided into two parts: a preliminary hearing and a final hearing on the merits. The preliminary hearing "shall be held within 21 days of the alleged offense." Id. § 1205(g). The final hearing on the merits shall be scheduled "to be held within 21 days of the date of the preliminary hearing. In no event may a final hearing occur more than 42 days after the date of the alleged offense without the consent of the defendant or for good cause shown." Id. § 1205(h)(1). At least for a first violation, the time limits set forth for the preliminary and final hearings "are directive only, and shall not be interpreted by the court to be mandatory or jurisdictional." Id. § 1205(t). As described above, we must determine whether these time limits are mandatory for a second or subsequent violation.
¶ 4. The facts that produced this question are not in dispute. On April 24, 2016, the police stopped defendant after a disturbance at a gas station. As a result of this stop, the police issued defendant a notice of intention to automatically suspend her driver's license by May 5, 2016. The notice stated that defendant either committed a second or subsequent violation of 23 V.S.A. § 1201 or refused to submit to a breath or blood test. Defendant promptly requested a hearing under 23 V.S.A. § 1205, and the preliminary hearing was scheduled for May 2, 2016.
¶ 5. At the preliminary hearing, defendant requested that the court stay the automatic suspension of her license so that defendant could drive to work and transport her daughter to school. A day later, the court denied defendant's request on the record, stating that the court did not have the authority to stay the automatic suspension.
¶ 6. A final hearing was scheduled for June 6, 2016. On May 23, 2016-twenty-one days after the preliminary hearing but before the final hearing date-defendant moved for dismissal of the civil suspension hearing because twenty-one days had passed since the preliminary hearing. According to defendant, this timeline violated 23 V.S.A. § 1205(h)(1), which required the final hearing to be held within twenty-one days of the preliminary hearing. The State opposed defendant's motion, arguing that the controlling time frame under § 1205(h)(1) was forty-two days from the date of the alleged offense. Because the June 6, 2016 date was within this forty-two-day timeline-although the forty-second day was June 5, 2016, the applicable rules extend the last day of the period to the first day that is not a Saturday, Sunday or legal holiday, which in this case was Monday, June 6, 2016-the final hearing was properly within the time allotted by the statute.
¶ 7. The trial court concluded that the twenty-one-day rule was not jurisdictional and denied defendant's motion to dismiss.
*764 In doing so, the court noted that the part of the sentence containing the twenty-one-day rule did not state any remedy for failing to comply with the deadline, but that the portion containing the forty-two-day rule had been interpreted by this Court to be jurisdictional in part because it contained a remedy. Further, the court pointed to the phrase "in no event" in the statute referencing the forty-two-day rule, which suggested that the forty-two-day rule defined the outer limits of the timeframe and that the twenty-one-day rule was not controlling. And finally, the court relied on State v. McQuillan, where this Court concluded that the forty-two-day requirement was not violated. 2003 VT 25, ¶ 4, 175 Vt. 173, 825 A.2d 804. The court acknowledged that the defendant in McQuillan did not specifically raise the twenty-one-day rule on appeal, but noted that the facts were analogous because, like McQuillan, the final suspension hearing was held within forty-two days of the offense, but more than twenty-one days from the preliminary hearing. Because of the factual similarities, the trial court concluded that McQuillan supported denying defendant's motion to dismiss.
¶ 8. Defendant now appeals and reiterates her contention that the internal twenty-one-day rules are mandatory and jurisdictional for second or subsequent offenses. In support, she points to the overall structure of 23 V.S.A. § 1205, which she claims evinces a clear distinction between first-time offenses and second or subsequent offenses. Further, she argues that the statute's plain language makes the twenty-one-day rule mandatory and, if we held otherwise, the twenty-one-day rule would be mere surplusage. The State opposes this position, arguing that the Legislature did not provide a specific consequence for failing to abide by the twenty-one-day rule and that, if the twenty-one-day rule is mandatory, the forty-two-day rule is superfluous.
¶ 9. Our interpretation of a statute is de novo. State v. Therrien, 2011 VT 120, ¶ 9, 191 Vt. 24, 38 A.3d 1129. "When construing a statute, our paramount goal is to effectuate the intent of the Legislature." State v. Thompson, 174 Vt. 172, 174, 807 A.2d 454, 458 (2002). We look first to the statutory language's plain meaning and, if this language clearly expresses the legislative intent, we will enforce the statute without relying on statutory construction. Id. at 174-75, 807 A.2d at 458. If the statutory language provides "insufficient guidance to ascertain legislative intent, we look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." Id. at 175, 807 A.2d at 458. In doing so, we may rely on maxims of statutory construction if they help achieve our primary objective of giving effect to the Legislature's intent. Id.
¶ 10. Here, along with the statutory language of § 1205, we may rely on the Legislature's response to our prior caselaw, for this is not the first time that we have interpreted the time limits present in 23 V.S.A. § 1205(h)(1). In State v. Singer, we concluded that the forty-two-day rule was jurisdictional for all violations of 23 V.S.A. § 1201 and, as a result, affirmed the trial court's dismissal of a civil license proceeding that did not comply with the forty-two-day rule. 170 Vt. 346, 749 A.2d 614 (2000). In Singer, the defendant was charged with a first offense of driving while intoxicated under 23 V.S.A. § 1201. Id. at 347, 749 A.2d at 615. The preliminary hearing to suspend his license was held on December 24, 1998; because the final hearing could not be held within forty-two days of this preliminary hearing, the trial court dismissed the civil suspension hearing based *765 on 23 V.S.A. § 1205(h). Id. As in this case, the State argued on appeal that the time limits were directive, not mandatory and jurisdictional. Id. at 348, 749 A.2d at 615. We disagreed, relying in part on the clear consequence spelled out by the Legislature in § 1205(h)(1) ; that is, we determined that the phrase "in no event may a final hearing occur more than 42 days after the date of the alleged offense" indicated that failure to comply with the time limits meant that no hearing could be held on the matter. Id. at 348-49, 749 A.2d at 616. We also reasoned that, if the Legislature meant the time limits to be directive and not mandatory, it would not have provided several methods for the State to justify a delay. Id. at 351, 749 A.2d at 617-18 (noting that State could justify delay "by demonstrating that it had either the defendant's consent or good cause").
¶ 11. A few months later, on the heels of Singer, the Legislature amended § 1205 by adding subsection (t). See 1999, No. 160 (Adj. Sess.), § 18. As described above, subsection (t) provides: "For a first offense, the time limits set forth in subsections (g) and (h) of this section are directive only, and shall not be interpreted by the court to be mandatory or jurisdictional." 23 V.S.A. § 1205(t). Plainly, this subsection was a response to Singer.[1] Just as plainly, subsection (t)'s applicability is limited to a "first offense." The ambiguity arises from the phrase "time limits set forth in subsections (g) and (h)," which encompasses both twenty-one-day rules in subsections (g) and (h) and the forty-two-day rule in subsection (h), even though the Singer Court only addressed the forty-two-day rule in subsection (h).
¶ 12. For several reasons, we conclude that the Legislature, when it enacted subsection (t), intended to make the time limits in subsections (g) and (h) directive for first offenses, but mandatory and jurisdictional for second or subsequent offenses. Thus, for second or subsequent offenses, the court must comply with the twenty-one-day rule in subsection (g) and the twenty-one-day and forty-two-day rules in subsection (h), absent consent by the defendant or good cause shown, or the civil suspension hearing must be dismissed for lack of jurisdiction.
¶ 13. First, the "time limits" phrase encompasses both the twenty-one-day rule and the forty-two-day rule and, critically, references both subsections (g) and (h). See 23 V.S.A. § 1205(t). As indicated, the Legislature enacted subsection (t) in the wake of Singer and articulated when the time limits in subsections (g) and (h) should be mandatory and when they should be directive. But Singer only examined subsection (h) and the forty-two-day rule. If, as the State requests, we read subsection (t) narrowly and concluded that only the forty-two-day rule in subsection (h) was mandatory and jurisdictional for second offenses, we would ignore the Legislature's decision to include subsection (g) and to expand, in part,[2] the applicability of Singer' s jurisdictional analysis to subsection (g). See Stone v. Immigr. & Naturalization Serv., 514 U.S. 386, 397, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (noting basic principle of statutory construction that *766 amendments are meant to have "real and substantial effect"). Similarly, a narrow reading of subsection (t) would render the twenty-one-day rule superfluous for second or subsequent offenses because there would be no need for the court to adhere to the twenty-one-day rule in either subsection (g) or subsection (h). Cf. State v. Taylor, 2015 VT 104, ¶ 10, 200 Vt. 96, 129 A.3d 660 (noting this Court strives to prevent statutory language from being redundant).
¶ 14. Second, this jurisdictional distinction between first and second or subsequent offenses comports with the overall structure of § 1205. Under 23 V.S.A. § 1205(c), first-time violators do not have their licenses automatically suspended, but second or subsequent offenders have their license automatically suspended while the civil suspension hearing is pending. Similarly, subchapter 13 includes different statutory sections governing the license suspension of first-time offenders as compared to the suspensions for second or subsequent offenders. Compare id. § 1206 (imposing ninety-day suspension for first time offense), with id. § 1208(a) (imposing eighteen-month suspension for second offenses). The Legislature's enactment of 23 V.S.A. § 1205(t) parallels this differentiation between first offenses and second or subsequent offenses.
¶ 15. Most important, the Legislature's imposition of strict jurisdictional time limits for second or subsequent offenses serves a critical public purpose. Under 23 V.S.A. § 1205(e), a second or subsequent offense carries with it an automatic suspension of the violator's license, regardless of whether a civil suspension hearing is requested. In this state, where many people depend on vehicles for work and to obtain necessary goods and services, an automatic suspension of a license without a hearing may summarily cut off access to basic necessities for several months. By requiring suspension hearings for second or subsequent offenses to be held within strict time limits, the Legislature ensured that automatic suspensions would be reviewed and decided in a timely manner while protecting the public from repeat offenders.
¶ 16. We are not swayed by the State's arguments to the contrary. First, the State's reliance on State v. McQuillan is not persuasive. 2003 VT 25, ¶ 2, 175 Vt. 173, 825 A.2d 804. In McQuillan, the sole question that this Court addressed was how a court should compute the forty-two-day requirement. Id. ¶ 4 (citing Vermont Rule of Civil Procedure 6(a) and what is now Vermont Rule of Civil Procedure 80.5 and explaining that while intermediate Saturdays, Sundays, and legal holidays are counted in computing forty-two-day time period, if final day of period is Saturday, Sunday, or legal holiday, then period is extended to next working day). Because we did not consider the jurisdictional nature of the twenty-one-day rule, nor did the defendant raise the twenty-one-day rule on appeal, McQuillan does not bind our analysis under these circumstances. See id. ¶¶ 2-4. Similarly, we are not persuaded by the State's claim that, if the Legislature did intend the twenty-one-day rule to be mandatory, it would have included a consequence for violating the rule. This argument ignores the language of 23 V.S.A. § 1205(t), which specifies that the time limits for first offenses are directive and implies that the time limits for second offenses in subsections (g) and (h) are mandatory. See Smith v. Desautels, 2008 VT 17, ¶ 17, 183 Vt. 255, 953 A.2d 620 ("[W]e are mindful that specific statutory provisions generally trump more general ones."). Given that mandatory time limits for second offenses serve an important purpose, we conclude that the Legislature specifically intended to ensure that the *767 time limits were mandatory and jurisdictional for subsequent offenses. Finally, the State claims that, if the twenty-one-day requirement is mandatory for second offenses, the forty-two-day rule is superfluous. But the surplusage argument favors defendant. The forty-two-day requirement defines the outer limits of the jurisdictional time frame absent consent or good cause, while the twenty-one-day rules in subsections (g) and (h) govern the internal timing within the forty-two days. If we determined that the twenty-one-day rules were not mandatory, they would be mere surplusage. See Taylor, 2015 VT 104, ¶ 10, 200 Vt. 96, 129 A.3d 660.
¶ 17. Because we conclude that, for second or subsequent offenses, both the twenty-one-day rule in subsection (g) and the twenty-one-day rule in subsection (h) are mandatory and jurisdictional, defendant's civil suspension must be dismissed.
Reversed.

In fact, the only clear conclusion that can be drawn from extensive research into the amendment's legislative history is that the State Senate was aware of Singer. See Criminal & Civil Procedures Involving Alcohol & Motor Vehicle Violations: Hearing on S.324 Before Senate Comm. on Judiciary, 1999-2000 Bien. Sess. (Vt. March 31, 2000). A great many intern hours were sacrificed to come by this knowledge.

We recognize that subsection (t) also limited Singer by restricting the mandatory and jurisdictional time limits to second or subsequent offenses.