NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 91

No. 2019-376

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Criminal Division |
| | |
| Timothy Grant | November Term, 2019 |

John R. Treadwell, J.

David W. Gartenstein, Windham County Deputy State's Attorney, Brattleboro, for
  Plaintiff-Appellee.

Daniel Stevens, Office of the Public Defender, Brattleboro, for Defendant-Appellant.


PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ.


¶ 1. **ROBINSON, J.** The issue in this case is whether, as a matter of course, every defendant charged with a misdemeanor may be ordered to submit to fingerprinting pursuant to 20 V.S.A. § 2061(d). Under 20 V.S.A. § 2061(d), when a misdemeanor defendant has not already provided fingerprints, a trial court may order fingerprinting at arraignment only "for good cause shown." The trial court here required defendant to submit to fingerprinting, concluding that "good cause" was established based solely on the fact that Vermont participates in the Interstate Identification Index System (III System), a federal database of criminal records that requires the submission of fingerprints. In doing so, it essentially created a blanket rule authorizing

fingerprinting in every misdemeanor case. This is counter to the Legislature's direction, and we therefore reverse the trial court's imposition of the condition.

¶ 2. The underlying facts are straightforward. Defendant was charged with one count of disorderly conduct, a misdemeanor, to which he pled not guilty. He was not fingerprinted or photographed before arraignment. At arraignment, the State asked the court to impose four conditions of release. The first three conditions—to which defendant did not object—are that he come to court when directed, keep a current address and phone number on file with his attorney and the court clerk, and not engage in criminal behavior. The last condition requires defendant to "report to Brattleboro PD for the taking of fingerprints and photographs." Defendant objected to the final condition at his arraignment and had the following exchange with the court:

> Counsel: So Judge, we would object to the fingerprints and photos condition. It's—the statute [20 V.S.A. § 2061] does say that good cause is required. And when a person's being arraigned on a misdemeanor and the police haven't taken his prints or photos yet. It's a disorderly conduct. I don't have his record, so I don't know that—I mean, for people without record it's a really big deal. I don't know—I don't have [defendant's] record. But we would object to that.

> Trial court: Okay. So the court and [defense counsel] have had this discussion all—for a number of occasions over the past couple of weeks. The statute, as [counsel] points out, does indicate . . . . the court must find good cause in order to order fingerprinting at arraignment.

> Since the statute was enacted to state that, Vermont has—now participates in the Interstate Identification Index, the Triple I, that requires that a record be fingerprint-supported in order to be entered into the system. The court does find—understanding [counsel] does not agree—the court does find that the process establishes good cause and the court will impose the conditions of release as requested by the State, including a condition that [defendant] report within seven days to Brattleboro Police Department to submit fingerprints and photographs.

2

Apart from pointing to Vermont's participation in the III System, the trial court made no factual findings suggesting that particularized good cause for fingerprinting exists in defendant's case. It imposed the condition, which it then stayed pending this appeal.

¶ 3. On appeal, defendant argues that the Legislature has not seen fit to change the "good cause" requirement in § 2061(d) in light of Vermont's subsequent decision to participate in the III System, that the statute requires a particularized, case-by-case finding of good cause, and that participants in the III System are not required to report criminal histories in every single criminal case.

¶ 4. Because the trial court essentially adopted a legal rule that "good cause" exists to order fingerprinting in any misdemeanor case pursuant to § 2061(d), we review its decision without deference.[1] We need not decide the level of deference generally afforded to a "good cause" determination pursuant to § 2061(d)[2] because, as the State acknowledges, the trial court's ruling establishes a rule of general applicability for what constitutes good cause. Because the trial court's decision rests on an essentially legal determination, it is not the kind of case-specific

---

[1] We typically review a trial court's decision to set bail or conditions of release for abuse of discretion. State v. Hance, 2006 VT 97, ¶ 6, 180 Vt. 357, 910 A.2d 874. Although the trial court imposed the fingerprinting requirement as a condition of release, its analysis turned on a finding of "good cause" pursuant to § 2061(d). We accordingly look to § 2061(d), rather than 13 V.S.A. § 7554, in determining the proper standard of review. In fact, we question whether, even if warranted pursuant to § 2061, an order to submit to fingerprinting is properly incorporated into conditions of release as opposed to an entry order punishable by contempt for noncompliance. See 13 V.S.A. § 7554(a)(1)-(2) (providing that conditions of release should be least restrictive conditions that will reasonably mitigate risk of flight and ensure protection of public). Cf. State v. Stell, 2007 VT 106, ¶ 18, 182 Vt. 368, 937 A.2d 649 (holding § 2061(e) requires order for post-conviction fingerprinting to take form of condition of probation). We need not decide the issue in this case.

[2] We have called a determination of good cause, in the context of continuing a civil suspension hearing beyond the statutory period, a "mixed question of fact and law." State v. Tongue, 170 Vt. 409, 412, 753 A.2d 356, 358 (2000) (explaining that court's findings of fact will be upheld unless they are unsupported by evidence or clearly erroneous, and its conclusion regarding good cause will be upheld if supported by findings). On the other hand, we have reviewed without deference a trial court's finding of "good cause" to dispense with a parolee's right to confrontation. Rodriguez v. Pallito, 2014 VT 18, ¶ 21 n.2, 195 Vt. 612, 93 A.3d 102.

individualized assessment of good cause that might warrant deference. See State v. Dwight, 2018 VT 73, ¶ 6, 208 Vt. 29, 194 A.3d 1163 (holding that "[t]o the extent the court's order relies on statutory interpretation or a question of law," we review matter without deference); State v. Collins, 2017 VT 85, ¶ 8, 205 Vt. 632, 177 A.3d 528 (explaining that we do not defer to trial court's determination of legal questions).

¶ 5.     For the reasons set forth below, we conclude that § 2061(d) unambiguously requires an individualized showing of good cause for the court to order fingerprinting in the context of a misdemeanor arraignment, and does not authorize a blanket rule pursuant to which courts may order fingerprinting at arraignment in all misdemeanor cases. Vermont's entry into the III System does not undermine this conclusion. And the State's policy arguments in support of a blanket rule cannot overcome an unambiguous statute. The State's remedy lies with the Legislature.

¶ 6.     The language and structure of 20 V.S.A. § 2061 clearly and unambiguously require a court to find particularized good cause before ordering fingerprinting at an arraignment in a misdemeanor case. "If the plain language is clear and unambiguous, we enforce the statute according to its terms." State v. Blake, 2017 VT 68, ¶ 8, 205 Vt. 265, 174 A.3d 126 (quotation omitted). For misdemeanor offenses, police officers may fingerprint and photograph before arraignment only when they are permitted to make an arrest under Vermont Rule of Criminal Procedure 3. 20 V.S.A. § 2061(b). The officer may fingerprint and photograph a person without arresting them, in which case the person will be released upon completion of fingerprinting. Id. § 2061(c).

> When a defendant is arraigned for any misdemeanor and has not been previously fingerprinted and photographed in connection with the criminal proceedings leading to the arraignment, upon request of the attorney for the state and for good cause shown, the court shall order that the defendant submit to be fingerprinted and photographed at a time and place set by the court.

4

Id. § 2061(d). The statute thus is explicit that the State must establish good cause before the court may order fingerprinting at arraignment. See State v. Stell, 2007 VT 106, ¶ 13 (characterizing § 2061(d) as authorizing fingerprinting "when the prosecutor shows good cause for such an order").

¶ 7. This requirement stands in contrast to other sections of the statute, which do not require good cause to fingerprint and photograph a defendant. For instance, for a felony offense, or when a person is a fugitive from justice, an officer has no discretion as to whether to take fingerprints at the time of an arrest, summons, or citation. Id. § 2061(a). If an officer fails to do so, the court has no discretion and must order fingerprinting at arraignment. Id. § 2061(d). Moreover, if a defendant is convicted of a misdemeanor and the conviction results in a sentence of imprisonment, the court must order fingerprinting "upon the request of the attorney for the state," without a finding of good cause. Id. § 2061(e). Thus, in certain circumstances, the Legislature clearly intended to mandate or authorize fingerprinting in every case. But at an arraignment for a misdemeanor, the presumption is that a defendant may not be fingerprinted, and it is the State's burden to show good cause for fingerprinting.

¶ 8. A rule of law that establishes that good cause exists in every case is inconsistent with the notion, implicit in the concept of good cause, that a finding of good cause can support an exception to a general rule. See In re M.S., 2017 VT 64, ¶ 20, 205 Vt. 204, 172 A.3d 786 (referring to good cause as "exception" to filing deadline); State v. Eldert, 2015 VT 87, ¶ 27, 199 Vt. 520, 125 A.3d 139 (referring to implicit statutory "good-cause exception" for denying confrontation right to probation revocation defendant); State v. Singer, 170 Vt. 346, 351, 749 A.2d 614, 617-18 (2000) (referring to good cause as "statutory exception" for time limit to hold license suspension hearing), superseded by statute as recognized in State v. Love, 2017 VT 75, 205 Vt. 418, 174 A.3d 761. "The court must determine whether 'good cause' exists based on the particular circumstances of each case." Cameron v. Burke, 153 Vt. 565, 573, 572 A.2d 1361, 1366 (1990) (discussing

good-cause standard for withdrawal of attorney pursuant to Vermont Rule of Civil Procedure 79.1(f)).

¶ 9. Vermont's ratification of the National Crime Prevention and Privacy Compact (Compact) in 20 V.S.A. § 2065 does not make "good cause" the rule rather than the exception. The Compact makes Vermont part of the III System, which "means the cooperative Federal-State system for the exchange of criminal history records." 34 U.S.C. § 40316 (Article I(13)(A)). The III System includes the National Fingerprint File, "a database of fingerprints, or other uniquely personal identifying information, relating to an arrested or charged individual maintained by the [Federal Bureau of Investigation (FBI)] to provide positive identification of record subjects indexed in the III System." Id. § 40316 (Article I(14)). Under the Compact, participating states "agree to maintain detailed databases of their respective criminal history records, including arrests and dispositions, and to make them available to the Federal Government and to Party States for authorized purposes." Id. § 40316(b). They must "establish and maintain a criminal history record repository," and "participate in the National Fingerprint File." Id. § 40316 (Article III(b)(2), (3)). Thus, by ratifying the Compact, the Legislature agreed to share information with the federal government and other participating states, including by submitting fingerprint-backed records to the FBI. See 20 V.S.A. § 2065(c). Submission of fingerprints for every misdemeanor charge is not a requirement of participation in the III System, and the State does not argue that it is. In fact, the Department of Justice regulations relating to the III System state that "[c]riminal history record information maintained in the III System . . . shall include serious and/or significant adult and juvenile offenses." 28 C.F.R. § 20.32(a) (emphasis added). Nothing in the Compact requires the state to do away with its statutory standards for when a person may be fingerprinted.

¶ 10. The fact that the Legislature ratified the compact long after it enacted § 2061 does not change our conclusion. In 2000, when the Legislature enacted § 2061, it recognized, "Records of arrests and citations cannot be submitted to the FBI unless the event is supported by

6

fingerprints." 1999, No. 151 (Adj. Sess.), § 1(6). The Legislature then included a clause in the fingerprinting statute that "[t]he Vermont Crime Information Center may electronically transmit fingerprints and photographs of accused persons to the Federal Bureau of Investigation." 20 V.S.A. § 2061(m). Thus, even in 2000, the Legislature knew that fingerprints were required for submission of records to the FBI. With that knowledge, it adopted a scheme that allows but does not require submission of records to the FBI, and that makes fingerprinting the exception, and not the rule, for misdemeanor charges.

¶ 11. Moreover, when the Legislature ratified the compact in 2010, it had every opportunity to revisit its instructions concerning fingerprinting. It did not do so. Instead, the Legislature left intact the regime in which police may require, and courts may order, people to submit to fingerprinting in specified circumstances, and pursuant to which a court may order fingerprinting at arraignment in a misdemeanor case only upon a showing of good cause. As noted above, there is no inconsistency between ratification of the Compact and participation in the III System, on the one hand, and a rule that a court cannot impose a fingerprinting requirement in a misdemeanor case at arraignment without good cause on the other. We will not infer that the Legislature intended to amend or repeal its statute on this point in the absence of a clear intent to do so. See Vt. Tenants, Inc. v. Vt. Hous. Fin. Agency, 170 Vt. 77, 83, 742 A.2d 745, 749 (1999) (explaining that presumption against "implied repeal" may only be overcome "if (a) the acts are so far repugnant that they cannot stand together, or (b) are not so repugnant, but the later act covers the whole subject of the former and plainly shows it was intended as a substitute therefore").

¶ 12. We reject the State's argument that we should adopt the trial court's rule of general applicability so that the fingerprints of all defendants can be submitted to the FBI. The State points out that under the statute some misdemeanor defendants may never be fingerprinted. Whether this is a problem to be fixed, and whether the appropriate solution would be to authorize courts, without any showing of good cause, to order fingerprinting of those not currently subject to

7

fingerprinting—namely, defendants whom the police may not arrest, for whom the State can show no good cause to fingerprint at arraignment, and whose only sentence is a fine or citation—is a policy question for the Legislature.

¶ 13. Nor are we persuaded by the State's argument that there is no harm in fingerprinting defendants accused of misdemeanors at arraignment because if the charges are dismissed or a defendant is acquitted, the Vermont Crime Information Center and law enforcement agencies must destroy copies of prints taken in connection with an alleged offense and, with some exceptions, request that the FBI destroy its copy of the prints. 20 V.S.A. § 2061(k), (m). Again, this is a policy question for the Legislature.

¶ 14. Finally, the State argues that good cause exists because crime can cross state lines, and fingerprinting misdemeanor defendants will allow complete and accurate criminal records to be viewed by other jurisdictions.[3] We do not reject the possibility that where the record supports concerns about interstate travel and criminal activity crossing state lines in a particular case, a trial court may find good cause to order fingerprinting of an alleged misdemeanant at arraignment. We do reject the argument that such concerns could warrant an across-the-board imposition of the fingerprinting requirement for the reasons set forth above. The State is free in a misdemeanor arraignment to submit particularized, case-specific evidence of such interstate travel issues to show good cause for the court to order fingerprinting. However, here, the State did not present any such individualized evidence, and the trial court did not make any individualized finding to support its good-cause determination.[4]

_____

[3] The Compact anticipates records being used for "noncriminal justice" purposes. See 34 U.S.C. § 40316(a). It is unclear from this record whether they are also used for criminal justice purposes.

[4] We decline to consider whether defendant's criminal record could support a good cause finding in this case because the State did not make that argument before the trial court. In fact, defendant's criminal history had not even been provided to defense counsel at arraignment.

8

¶ 15.    Because we interpret 20 V.S.A. § 2061(d) to require an individualized finding of good cause to order fingerprinting and photographing, we reject the rule of general applicability offered by the trial court.  The State presented no other arguments before the trial court that could support a finding of good cause.  We therefore reverse and strike the condition of release requiring that defendant submit to fingerprinting.

Reversed; the condition of release requiring defendant to submit to fingerprinting is stricken.

FOR THE COURT:

_____
Associate Justice